JANE McARTHUR

*v.*

. SARAH E. HOWETT.

1. REPLEVIN—*when suit should not be dismissed on appeal from justice.* Where a defendant in a replevin suit appeared at the trial thereof before the justice of the peace, and after being found guilty appealed to the county court, it was his duty, as appellant, to file the papers, and he could not properly move the court to dismiss plaintiff's suit, because of the omission of the replevin bond from the papers filed with the transcript.

2. SAME—*evidence on assessment of damages on dismissal of suit.* When a replevin suit is dismissed, and the court proceeds to assess the defendant's damages for the detention of the property, it is competent for the plaintiff to prove that the defendant is the mere pledgee of the property to secure a debt from the plaintiff, as in such case the defendant would not be entitled to recover anything for the value of the use of the property.

Appeal from the Circuit Court of Clay county; the Hon. J. C. Allen, Judge, presiding.

Messrs. Cope & Byles, for the appellant.

Mr. Justice McAllister delivered the opinion of the Court:

This suit was originally brought in a justice's court, and was replevin by appellant against appellee, for a sewing machine. The property was taken by the writ and a trial had; the defendant appearing, she was found guilty. The defendant then appealed to the county court, and among the papers filed by her on such appeal there was no replevin bond. She moved the court, on that ground, that plaintiff's suit be dismissed. The court dismissed the suit, assessed defendant's damages at $25.78, gave judgment, and awarded a *retorno habendo*. On the assessment of damages, the defendant claimed to be the owner, and gave evidence of the monthly value of the use of the machine. Plaintiff's counsel offered to show, by defendant, on cross-examination, and who had testified to her ownership, that she obtained the machine from plaintiff as a pledge to secure a debt. To this, defendant's counsel objected. The court sustained the objection, and plaintiff's counsel excepted. These matters having been preserved by bill of exceptions, the plaintiff took and perfected her appeal to the circuit court, and assigned for error the dismissal of plaintiff's suit and the exclusion of the evidence offered, that defendant was a mere pledgee of the machine. The circuit court affirmed the judgment of the county court, and plaintiff appealed to this court.

We are of the opinion that the defendant, having appeared in the justice's court, and, after being found guilty there, appealed to the county court, she could not properly move the court to dismiss plaintiff's suit because of the omission of the replevin bond from the papers filed with the justice's transcript. She, being the appellant, was subject to the duty of filing the papers, and the court had jurisdiction of the cause by her appeal.

We are also of opinion, that the county court erred in excluding the evidence offered, that the defendant was a mere

pledgee. The ground of her damages was the loss of the use of the machine. If she was a mere pledgee, she had no right to use the machine, so that the evidence offered was material, and should not have been excluded.

For these errors, the judgments of the circuit and county courts will be reversed and the cause remanded.

*Judgments reversed.*