## INTERNATIONAL BANK OF BRISTOW v. BOWSER.

No. 773.    Opinion Filed July 23, 1912.

(125 Pac. 458.)

**REPLEVIN—**Proceedings—**Issues and Proof.** An intervener in an action of replevin, in his plea of intervention, alleged that he had, by virtue of a certain chattel mortgage, a special ownership in the property replevied, and prayed judgment for possession thereof. At the trial all the evidence introduced by him, which was admitted over the objection of plaintiff, was to establish that he was the absolute owner of the property in controversy. **Held,** that the admission of such evidence, under the issues as formed by the pleadings, was error.

(Syllabus by the Court.)

*Error from Okmulgee County Court;*
*M. M. Alexander, Judge.*

Action by the International Bank of Bristow against Council Long and another, and Henry Bowser intervenes. Judgment for intervener, and plaintiff brings error. Reversed and remanded.

*Wm. L. Cheatham,* for plaintiff in error.

*Eaton, Beidleman & Carter,* for defendant in error.

HAYES, J. This is an action in replevin commenced by plaintiff in error in the court below, hereinafter called plaintiff, to recover possession of two mules, in which plaintiff alleges a special ownership by virtue of a chattel mortgage executed by and delivered to it by one A. A. White. The action was originally against Council Long and one Kennedy. After the writ of

replevin had been issued and had been served, and the property delivered to plaintiff, defendant in error filed a plea of intervention, in which he alleges a special ownership in the property and right to possession thereof by virtue of a certain mortgage, executed by said A. A. White to the First National Bank of Beggs, which defendant in error alleges has been assigned to him. Upon the trial of the cause to a jury, verdict and judgment was rendered in favor of defendant in error.

At the trial, over the objection of plaintiff, defendant in error, the intervener, was permitted to introduce evidence tending to show that he was the absolute owner of the property in controversy, and that he had purchased the property from said A. A. White; and instructions were given by the court upon this evidence to the effect that, if the jury found that, in consideration of the payment of the debt of A. A. White to the First National Bank of Beggs by the intervener, it was agreed that the property involved should become the property of the intervener, then the verdict should be for the intervener. The admission of said evidence and the giving of said instructions constitute the grounds of some of the errors assigned for reversal of the cause.

The rule stated in 34 Cyc. p. 1497, is:

"Either plaintiff or defendant may introduce evidence tending to show any property interest from which a right to possession arises, when they have alleged ownership generally without specifying the source of title or have denied the adverse party's right to possession; but, where they have alleged a particular interest in the property, the evidence admissible in their behalf must be confined to that which tends to establish the interest alleged."

In *McMillan Hdw. Co. v. Ross*, 24 Okla. 696, 104 Pac. 343, it was held that, when the petition in a replevin suit alleges that the plaintiff is entitled to possession of certain personal property by reason of a special interest therein, evidenced by a certain note and a chattel mortgage, but the proof shows that he is entitled to possession thereof, if at all, by reason of a certain other agreement with the defendant, and timely objection is made to

such variance between the pleadings and the proof, it is fatal to the recovery of plaintiff.

Evidence of general ownership of the property in controversy by intervener was not an issue made by the pleadings in this case; and evidence offered to establish such issue was therefore inadmissible, and the objections thereto, which were timely made, should have been sustained.

Other assignments of error are set out in plaintiff's brief, some of which may have merit; but there has not been sufficient compliance with rule 25 of this court (20 Okla. xii, 95 Pac. viii) to entitle him to a consideration of same. This rule requires that the brief shall not only contain the specifications of error complained of, separately set forth and numbered, but that the argument and authorities in support of each point relied upon shall also be set out in the brief. The immense amount of business before this court demanding early attention makes this a salutary rule, and the enforcement of it necessary; for, if the court must be delayed to look up the authorities or brief the propositions suggested by counsel, even though the propositions be familiar ones, a great amount of time will necessarily be consumed by the court in doing the work that should be done by counsel, and the dispatch of business before the court greatly retarded.

For errors pointed out, the judgment of the trial court is reversed, and the cause remanded.

TURNER, C. J., and WILLIAMS, KANE, and DUNN, JJ., concur.