FRANCIS, *Sheriff, et al.* v. GUARANTY STATE BANK OF
TEXOLA.

No. 2854. Opinion Filed December 22, 1914.

(145 Pac. 324.)

1.   **REPLEVIN—Right of Action—Officers—Possession.** Replevin
     by the rightful owner, entitled to possession of chattel property,
     will lie against an officer who has levied thereon, without re-
     gard to such officer being at the time in the actual possession,
     if the latter's possession be such that, when interfered with,
     he would have the lawful authority to repossess himself there-
     of.

2.   **SAME—Pleading—General Denial—Proof.** An answer con-
     taining a general denial, in a replevin proceeding, puts in issue
     the title and right of possession of the plaintiff, and under
     such answer the defendant may prove title or right of posses-
     sion either in himself or a stranger, or make such defense as
     will defeat the plaintiff's claim or right to possession as
     against the defendant.

3.   **SAME—Ownership—Chattel Mortgage.** Where the plaintiff
     in his petition alleges ownership generally, defendant need
     not set up in his answer that a bill of sale under which plaintiff
     claims title, is in fact and was intended only as a mortgage,
     in order to introduce evidence to that effect.

4.   **SAME—Wrongful Detention—Measure of Damages—Usable
     Value.** One of the exceptions to the general rule as to the
     measure of damages for the wrongful taking and detention
     of personal property is where the property so taken has a
     distinct usable value; and horses broken and trained to do
     work would have, under ordinary circumstances, such usable
     value; and where such property has been wrongfully taken
     by one, and detained from another, such other has the right
     to recover as damages the reasonable value of the use of such
     property during the period of its wrongful detention; and this
     value is ordinarily to be determined by the ordinary market
     price of the use of such property at the time of taking and
     during the period of the detention.

5.   **SAME—Damages Recoverable—Usable Value—Proof.**  A plain-
tiff in replevin who has but a special interest in the property
replevined is not entitled to a verdict for the usable value
thereof, in the absence of proof that the special interest car-
ried with it the right to the use.
(Syllabus by Sharp, C.)

*Error from County Court, Beckham County;*

*John C. Hendrix, Judge.*

Action by the Guaranty State Bank of Texola against R. B.
Francis, Sheriff of Beckham County, and others.   Judgment
for plaintiff, and defendants bring error.   Reversed and re-
manded.

*T. Reginald Wise,* for plaintiffs in error.

*D. W. Tracy,* for defendant in error.

Opinion by SHARP, C.   On August 24, 1910, plaintiff in
error R. B. Francis, sheriff of Beckham county, under authority
of an order of attachment issued in another action, levied upon
seven head of horses, at the time in the possession of defend-
ant in error, the Guaranty State Bank of Texola.   The follow-
ing day said bank commenced the present replevin action to re-
cover possession of the horses so taken from its possession by
the sheriff.   On August 27th thereafter Ira Speed and the First
Bank of Texola filed their motion alleging that they were
plaintiffs in the respective actions under which the sheriff had
made the foregoing levy, and were the real parties in interest,
and asked to be made parties defendant.   It appears that the
parties to the proceedings have proceeded as if such order was
made, though the record in this particular is incomplete.   Both
in its original and amended petitions plaintiff alleges that on the
date of the levy it was the absolute owner of the horses seized
by the sheriff.   It was further charged that the defendant Fran-
cis had taken said animals from the plaintiff's possession over
its protest, and had continued to wrongfully withhold them from
plaintiff; that plaintiff was entitled to their return, with dam-
ages of 50 cents per day for each animal during the period

of wrongful detention, or, in lieu thereof, the sum of $525, the value of said property, with interest at the rate of 6 per cent. per annum from August 4, 1910, and for other expenses incurred on account of the wrongful detention of said horses. Defendant gave a redelivery bond and retained possession of the horses. The answer of the defendants consisted of a general denial. The trial resulted in a verdict for plaintiff.

It is insisted by plaintiffs in error that the court erred in overruling their demurrer to plaintiff's evidence, predicating the alleged error upon the charge that plaintiff had failed to establish an essential element of the action of replevin; to wit, that the property was at, the time the action was begun, in the possession of the defendant Francis. The contention cannot be sustained. The evidence sufficiently showed that Francis was in possession of the horses. Defendant Francis testified as follows:

"Q. Did you have in your possession at any time the seven head of horses involved in this case? A. Yes, sir. Q. How came them into your possession? A. Through an attachment of Mr. Speed's. Q. Came into your possession among other property? A. Yes, sir. Q. Your records show that they were taken from the Guaranty State Bank? A. Yes, sir.

After the horses had been seized under the original attachment writs, it appears that the deputy sheriff, Allsup, left them in a livery stable, and after the institution of the present action made an offer to return them to the plaintiff. There is no question but that at the time the present action was instituted ·the horses were in at least the constructive possession of said defendant, whether at the precise time in his actual possession or not is immaterial. The animals were under his control and direction, and for any interference therewith the sheriff would have had the undoubted right to have repossessed himself of said horses. Discussing the question of what constitutes possession of an officer in a replevin action, it is said in section 62, Cobbey on Replevin (2d Ed.):

"If the officer's possession, be it actual or constructive, is such that when interfered with, he could recapture by replevin, then replevin will lie against him; but where an officer has not possessed himself of chattels under a writ in such a manner that he could maintain trespass or replevin against a wrongful taker, replevin will not lie against him by the real owner, who is a stranger to the writ." *Hadley et al. v. Hadley*, 82 Ind. 95; *Flynn et al. v. Jordan*, 17 Neb. 518, 23 N. W. 519.

In addition to the testimony, it was virtually conceded by the attorney for defendants below, in his opening statement, that the officer was possessed of the horses when suit for their recovery was begun.

Among the errors assigned is that the court erred in sustaining objections to certain questions which sought to bring out the fact that plaintiff was not the absolute owner of the animals in controversy, as alleged in both its original and amended petition, and by which it was sought to prove that the bill of sale given by H. B. Cox, acting through his wife, to the defendant in error was intended only as a mortgage, and that the legal title to the horses was either in H. B. Cox or his wife, to whom it appears Cox had subsequently transferred them. If the instrument was so intended, and if there was an agreement between either Cox, or his wife acting in his behalf, and the Guaranty State Bank that the latter was to hold the property until a time agreed upon, when Cox should pay such indebtedness as he may have been owing the bank, then it is obvious that plaintiff was not the absolute owner of the property. The allegation of ownership had been, as we have seen, put in issue by defendants' general denial. Where the plaintiff in a replevin action claims title in himself, he must prove title against the world, as on such an issue a general denial puts in issue the right on which plaintiff bases his writ. A general denial in replevin puts in issue both the title and right of possession of plaintiff, and under an issue so framed defendant may prove title or right of possession either in himself or in a stranger. Cobbey on Replevin (2d Ed.) secs. 784, 785; Shinn on Replevin, sec. 509. Where the property belongs to, and the

right to possession is in, a third party the plaintiff cannot recover, and if the property has been taken from the defendant there must be judgment for its return. Anything going to show that the plaintiff in replevin had no right to the possession when suit was commenced is a complete bar to the action. Under our Code, the gist of the action of replevin is the wrongful detention by the defendant as against the plaintiff, and under a general denial the defendant may prove anything that will tend to show that he does not wrongfully detain the property as against the plaintiff. *Payne v. McCormick Harvesting Mach. Co.,* 11 Okla. 318, 66 Pac. 287; *Broyles et ux. v. McInteer,* 29 Okla. 767, 120 Pac. 283; *De Hart Oil Co. v. Smith et al.,* 42 Okla. 201, 140 Pac. 1154. Where the plaintiff in replevin alleges a special interest in the property, evidence of general ownership is inadmissible. *McMillan Hdw. Co. v. Ross,* 4 Okla. 696, 104 Pac. 343; *International Bank v. Bowser,* 33 Okla. 316, 125 Pac. 458.

A case where the facts appear identical is that of *Kerron v. North Pac. Lbr. Co.,* 1 Wash. 241, 24 Pac. 445, wherein the court, in the course of the opinion, said:

"* * * But, as it contented itself with the allegation of ownership, without showing how it was acquired, and thus entitled itself to establish such ownership by any competent proof, it must follow that, when such proof was introduced, the defendants were entitled to meet the case made by plaintiff's evidence by any competent proof that tended to show that such evidence was untrue; and that the bill of sale introduced was not, in fact, a conveyance of the property, but was only a mortgage thereon, as fully and completely as though the matters in defense had been fully set out in their answer. The proof offered by the defendants was wrongfully excluded, and the error * * * assigned was well taken."

See, also, *Idaho Placer Min. Co. v. Green,* 14 Idaho, 249, 93 Pac. 954; Cobbey on Replevin (2d Ed.) sec. 1002.

Not only was the evidence competent, in the first instance, for the purpose of meeting plaintiff's testimony of ownership and its right to possession, but upon the question of damages. Ordinarily, unless the property in suit has a usable value, and

the damages may be estimated on that basis, the prevailing party in replevin will be awarded interest on the value of the property during the time of the wrongful detention. Wells on Replevin (2d Ed.) sec. 537. But where the property in litigation has a usable value which exceeds the lawful rate of interest, the successful party is entitled to recover as damages for the detention the value of such use during the period of deprivation; such value to be estimated by the ordinary market price of the use of such property during the time of its wrongful detention. *Thomas et al. v. First Nat. Bank,* 32 Okla. 115, 121 Pac. 272, Ann. Cas. 1914A, 376; *Bell v. Campbell,* 17 Kan. 211; *Allen v. Fox,* 51 N. Y. 562, 10 Am. Rep. 641; Shinn on Replevin, sec. 646 and note; Wells on Replevin (2d Ed.) secs. 579-583.

If, in fact, the bank was the absolute owner of the horses, and a usable value was shown by competent evidence, then a verdict for such usable value would be proper. If, however, on the other hand, the bank had but a special interest in the horses which conferred no right to their use, then a verdict for the usable value for the bank could not be sustained. *Johnson v. Bailey,* 17 Colo. 59, 28 Pac. 81; *McArthur v. Howett,* 72 Ill. 358; Wells on Replevin (2d Ed.) sec. 584 *et seq.* It being competent for defendants to attack plaintiff's title, it follows that it was error for the court to exclude competent evidence offered for that purpose. Other errors pertaining to the amount of the verdict, in view of our conclusion, need not be considered.

The judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.