Frank RICHARDS, d/b/a Richards Motor Company, Plaintiff in Error,

v.

MILNER PONTIAC, INC., a corporation, and Securities Credit Corporation, a corporation, Defendants in Error.

No. 38854.

Supreme Court of Oklahoma.

Oct. 3, 1961.

Baker & Baker, by Hughey Baker, Tulsa, for plaintiff in error.

Conner, Winters, Randolph & Ballaine, by Horace D. Ballaine, Tulsa, for defendant in error.

Rogers, Litchfield & Rogers, Tulsa, for defendant in error, Securities Credit Corp.

JOHNSON, Justice.

Frank Richards, d/b/a Richards Motor Company, of Pawnee, Oklahoma, sold to one Thomas F. Dolan on June 23, 1956, a 1956 8-cylinder Pontiac automobile. As part payment, a conditional sales contract was executed calling for payments of $108.-50 per month for 36 months. This contract was never filed as provided by statute. Subsequently, on August 7, 1956, a new conditional sales contract was executed by Dolan covering the same automobile, payable to Richards in monthly installments of $91.17 per month for 36 months. This second instrument was executed in lieu of the first because of an additional cash payment of $500 thus reducing the monthly installments. This instrument was also unfiled and through some unexplained circumstance came into possession of Dolan.

February 1, 1957, Dolan traded this Pontiac automobile to Milner Pontiac, Inc., an automobile dealer of Tulsa, Oklahoma, receiving credit for his equity above a mortgage to a Tulsa bank on the purchase price of a new car. Before this action was filed, the 1956 automobile had been sold by Milner Pontiac and delivered to the purchaser.

On February 15, 1957, Frank Richards, hereinafter referred to as plaintiff, filed in the Court of Common Pleas of Tulsa County, Oklahoma, his replevin action against Thomas F. Dolan, Milner Pontiac, Inc. and Securities Credit Corporation, a corporation, as defendants seeking possession of the 1956 Pontiac automobile and basing the right to possession on the conditional sales contract of June 23, 1956. In lieu of possession, plaintiff sought in the alternative a judgment for $2,716.05. An amendment to the petition alleged the agency of Securities Credit Corporation for Milner Pontiac, Inc., the original petition alleging that Milner Pontiac, Inc. had purchased said automobile with actual notice of plaintiff's lien. By answer the automobile dealer and finance company defendants set up various defenses hereinafter summarized in the arguments on this appeal. Upon trial of the case the trial court sustained separately the demurrers of defendants Milner Pontiac, Inc. and Securities Credit Corporation and entered default judgment for plaintiff against the defendant Thomas F. Dolan. From an order overruling plaintiff's motion for new trial, plaintiff appeals.

The greater portion of plaintiff's contentions are directed to the sufficiency of the

evidence to prove notice of plaintiff's unrecorded contract. There is also complaint of the exclusion of certain evidence.

The argument of defendant is presented under four heads:

1. Failure of plaintiff to prove defendant's possession of the Pontiac automobile at the time suit was instituted.

2. That defendants were innocent purchasers.

3. Plaintiff was estopped.

4. There was a fatal variance between plaintiff's allegations and proof.

Assuming but not adjudging that the evidence of plaintiff was sufficient to prove notice before the purchase by Milner Pontiac, and that therefore that company was not an innocent purchaser, we are confronted with two obstacles.

■ 1. The undisputed proof shows that the car was not in possession of any of the defendants at the time of the commencement of this action on February 15, 1957.

In a long line of decisions, this court has repeatedly held that a replevin action cannot be maintained unless the defendant is in possession of the specific chattel whose possession is sought at time suit is begun. One of the most recent cases so holding is General Finance Corporation v. Jackson et al., Okl., 296 P.2d 141, 145, in which the third paragraph of the syllabus by the court reads:

"An action of replevin cannot be maintained against one who is not in the actual or constructive possession of the property at the commencement of the action."

To like effect are Commercial Credit Co. v. Harjo, 178 Okl. 397, 63 P.2d 686; Bales v. Breedlove, 96 Okl. 280, 222 P. 542, and Carpenter v. Mead, 60 Okl. 127, 153 P. 658.

There is nothing in the record placing this case in a category which would be an exception to the above rule as was the case in Rozen v. Redco Corporation, Okl., 362 P.2d 1095. Possession of the car was obtained by Milner Pontiac from Dolan, the owner, and hence such possession was not illegally obtained. Neither is there any evidence in the record that disposition was made of the car to avoid any prospective lawsuit. We therefore see no basis herein for the non-application of the rule expressed in the General Finance case, supra.

■ 2. The evidence shows that the contract of June 23, 1956, (the one attached to plaintiff's petition as Exhibit A) was superseded by the one of August 7, 1956. This latter contract being in defendant Dolan's possession, the one attached to the petition by virtue of which plaintiff asserted his special interest in the car in question is therefore no longer in legal existence.

In J. E. McMillan Hardware Co. v. Ross, 24 Okl. 696, 104 P. 343, the first paragraph of the syllabus reads:

"When the petition in a replevin suit alleges that the plaintiff is entitled to the possession of certain personal property by reason of a special interest therein, evidenced by certain notes and a chattel mortgage, and the proof shows that, if he is entitled to the possession thereof at all, it is by reason of a certain other agreement with the defendant, and timely objection is made to such variance between the pleadings and the proof, it is fatal to the recovery of the plaintiff."

This case has been cited with approval in the following: International Bank of Bristow v. Bowser, 33 Okl. 316, 125 P. 458 and Francis v. Guaranty State Bank, 44 Okl. 446, 145 P. 324.

We deem it unnecessary to consider other issues raised.

The judgment of the trial court is affirmed.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., and JACKSON, J., concur in result.