## THOMAS *et al.* v. FIRST NAT. BANK OF TECUMSEH.

No. 1448. Opinion Filed January 16, 1912.

Rehearing Denied February 6, 1912.

(121 Pac. 272.)

1. **REPLEVIN** — Dismissal — **Rights of Defendant.** Under section 5695, Comp. Laws 1909, where a plaintiff in replevin, who has taken property into his possession under the writ, fails to prosecute his suit to final judgment, by causing or suffering a dismissal thereof, the defendant has the right, upon application to the court, to have his right of property and right of possession inquired into and determined by the court, notwithstanding such dismissal; and in such proceeding, should the right of property and of possession be determined in favor of defendant, he is entitled to judgment for the return of the property, if a return can be had, and, if not, then for its value, together with his damages for the wrongful detention of the property.

2. **SAME**—Damages—**Use of Property**—**Reasonable Value.** One of the exceptions to the general rule as to the measure of damage for the wrongful taking and conversion of personal property is where the property so taken has a distinct "usable value"; and horses, broken and trained to do work, would have, under ordinary circumstances, such "usable value," and where such property has been wrongfully taken by one, and detained from another, such other has the right to recover as damages the reasonable value of the use of such property during the period of its wrongful detention; and this value is ordinarily to be determined by the ordinary market price of the use of such property at the place of taking during the period of the detention.

(Syllabus by Brewer, C.)

*Error from Pottawatomie County Court;*
*E. D. Reasor, Judge.*

Action by the First National Bank of Tecumseh against Alsie Thomas and J. S. White. After dismissal by plaintiff, motion by defendants for judgment overruled, and defendants bring error. Reversed and remanded.

*A. M. Baldwin,* for plaintiffs in error.

*Roscoe C. Arrington,* for defendant in error.

Opinion by BREWER, C. This is a suit in replevin for the recovery of certain personal property. It was commenced on the 24th day of November, 1908, in the county court of Pottawatomie county, by the First National Bank of Tecumseh, plaintiff, and defendant in error herein, against Alsie Thomas and J. S. White, defendants, and plaintiffs in error herein, by filing a petition, affidavit, and bond in replevin in the usual form. Under the affidavit and writ of replevin there were taken from the defendants two mules, two horses, one wagon and harness, and a quantity of seed cotton, which property was delivered into the possession of the plaintiff bank. On December 17, 1908, the defendants below filed their motion to make plaintiff's petition more definite and certain, and on February 18, 1909, this motion was sustained, and the plaintiff below was given five days to amend its petition. The bank did not amend its petition within the five days, or at any other time; but on the 26th day of November, 1909, the plaintiff bank appeared in court and dismissed the cause. On the 27th day of November, 1909, the defendants below filed a motion for judgment for the return of the property, or its value, and for damages for its detention for 313 days, at the rate of $1.50 per day. On the 29th day of November, 1909, this motion was heard by the court and was overruled. It seems that the court heard evidence on the motion, as introduced by both of the parties; but from the record of the case it is difficult, if not impossible, to determine upon what grounds the court based its judgment in overruling the motion. The judgment of the court on this motion, together with the facts found, are, so far as needed here, as follows (Record, pp. 47-8):

"The court finds that on the 24th day of November, 1908, the plaintiff, the First National Bank of Tecumseh, brought a replevin action against the above-named defendants, and by virtue of said replevin action said plaintiff acquired the possession of the following described personal property, to wit (here the property is described). That on the 17th day of December, 1908, the defendants filed their motion to require the plaintiff to make their petition more definite and certain, and on the ——— day of January, 1909, the court sustained said motion, and the plaintiff asked and was given five days to file an amended petition. That the plaintiff never filed any amended petition. That on the 26th day of November, 1909, the plaintiff by its attorney, Roscoe C. Arrington, appeared in open court and dismissed said cause without prejudice to the bringing of another action. That on the 29th day of November, 1909, the defendants above named filed their motion for judgment for the return of the property taken by said replevin writ in this action and turned over to the said plaintiff by virtue of said replevin action, or in case the same could not be returned, for the value thereof, and for the usable value of said property for the period of 313 days at the rate of $1.50 per day. The court after hearing all of the evidence, and the argument of the attorney for the plaintiff and the defendant, and being fully advised in the premises, found that said motion of the defendants should be and the same is hereby overruled, to which ruling of the court the defendants excepted."

The motion filed by the defendants below, after the dismissal of the cause, is, in so far as we need cite same, as follows:

"Comes now the above-named defendants, Alsie Thomas and J. S. White, and move the court to render judgment in favor of said defendants, and against said plaintiff, in the above-styled cause, for the return of the above-styled property, to wit (property described as in replevin affidavit), or, in case the same cannot be returned, for the value thereof, in the sum of $475, together with damages for the usable value of the said property for a period of 313 days at the rate of $1.50 per day, and for the cost of this action for the following reasons."

The motion then sets out the various proceedings had in the cause, mentioning the petition, affidavit, and bond for replevin, the writ, and the taking of the property thereunder, and its delivery to plaintiff, and finally the dismissal of the cause by plaintiff.

The defendants below were attempting to proceed under section 5695, Comp. Laws 1909, which is as follows:

"If the property has been delivered to the plaintiff, and judgment rendered against him, on demurrer, or if he otherwise fail· to prosecute his action to final judgment, the court shall, on application of the defendant or his attorney, proceed to inquire into the right of property, and right of possession of the defendant to the property taken."

· A question of practice under section 5695, Comp. Laws 1909, is presented. This statute was adopted from Kansas and is section 184 of the Kansas Code (Gen. St. 1909, sec. 5777). It does not seem to have had the direct consideration of this .court, or the Supreme Court of Oklahoma Territory, its predecessor. Therefore we should look to the construction placed on it by the Supreme Court of Kansas.

In the case of *Higbee v. McMillan*, 18 Kan. 133, the rule of procedure under this .same statute seems to have been laid down by Chief Justice Horton of that court. In that case Higbee took under a writ of replevin thirteen yearling mules which he claimed to own and which he claimed were wrongly detained by McMillan. Upon calling the case for trial the plaintiff dismissed the suit. The defendant then made application to the court to inquire into the right of property and to the possession thereof by the court. This was done, and the court found the right of property and of possession in defendant. A motion for a new trial was granted, and the cause was then tried to a jury, and the right of property and of possession were determined, which was to the effect that McMillan should recover the property replevined, etc., together with damages for its detention, and, in default of such return, that McMillan should recover the value of the property and his costs. On the trial Higbee, the plaintiff, to maintain the issues in his behalf, offered certain testimony which was refused by the court. Upon appeal this testimony was held to be competent and the cause reversed. The case has several propositions in it which were noticed by the court, but as relative to the procedure, which is the subject of our inquiry here, the court says:

"The judgment in the case included $130 as damages to the defendant for the detention of the mules by the plaintiff. This was not error. Section 184 of the Code permits the defendant, in a case where the property has been delivered to the plaintiff, and the plaintiff fails to prosecute his action to final judgment, to make application to the court to proceed to inquire into the right of property and right of possession of such defendant to the property taken. This application embodies a claim to the property and a return of the property. The purpose of giving the court the authority to make the inquiries stated would be useless, unless it was intended to supplement the investigation with a judgment or order. As section 185 of the Code provides that in all actions to recover the possession of personal property, if the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment may be for the value in case a return cannot be had, and damages for taking and withholding the same, upon said application being made, as provided for in section 184, by the defendant, a like judgment may be entered as set forth in section 185 when defendant claims a return of the property. We make these remarks to settle a question of practice, and one which may arise again upon the trial of this case."

Upon the dismissal by plaintiff of its suit in replevin, defendants could at once have sued on the replevin bond. *Manning v. Manning,* 26 Kan. 98; *McKey v. Lauflin,* 48 Kan. 581, 30 Pac. 16. The defendants, however, have a right to insist on a trial and judgment, notwithstanding the dismissal. *McVey v. Burns,* 14 Kan. 291. And if he has such trial and judgment, his rights are determined thereby. *Kayser v. Bauer,* 5 Kan. 211; *Manning v. Manning,* 26 Kan. 98.

In proceeding under the section under consideration or upon a suit on the bond, for failure to prosecute the action, the question of the ownership and right to possession of the property is a material and important one. In the case of *Little v. Bliss,* 55 Kan. 94, 39 Pac. 1025, the correctness of the above statement is made to clearly appear. The court in the syllabus says:

"Upon the dismissal of a replevin action at the costs of the plaintiff, if the defendant does not seek a trial and judgment under the provisions of section 184 of the Civil Code, he is not thereby precluded of his full remedy upon the bond.

"Where the bond in a replevin action, executed by the plaintiff with sureties, provides that the plaintiff 'shall duly prosecute the action,' the defendant is entitled to recover all the damages he has sustained upon a breach of that condition.

"The amount of damages in an action on a replevin bond depends materially on the right of the plaintiff to the property. If the plaintiff in a replevin action fails to prosecute the same, and it is not determined in that case that the right of possession of the property belong to the defendant, then, in an action on the bond, if it appears that the plaintiff (defendant in replevin) had no title or right of possession to the property when the replevin action was commenced and dismissed, he has sustained only nominal damages, and can recover only such damages."

We therefore conclude that in a replevin action, where the property has been delivered to plaintiff, and the plaintiff dismisses his action, or suffers a nonsuit, the defendant can elect to treat such dismissal as a breach of the covenants of the bond and sue thereon; or he can proceed in the replevin suit under section 5695, Comp. Laws 1909, to have his (defendant's) rights of property and right of possession determined. And if he elects to pursue this course, the court trying the same may order a return of the property to defendant, or, if return cannot be had, render judgment in his favor for its value, and may also award him damages for its detention, if the facts warrant such relief.

In this case it does not appear that the court determined as regards defendants' right of property or of possession, as no finding of such facts is mentioned by the court. It will not do to say this may be inferred by the order overruling defendants' motion, for it may be the court overruled same under a misapprehension of the law and the procedure invoked in this case.

Inasmuch as this cause will probably be tried again, and counsel seriously disagree, in their briefs, as to what damages are recoverable, in case a recovery of damages is proper, it may be well to consider this question briefly.

While it is the ordinary rule that for a wrongful taking of personal property the value of the thing with interest from the time of the taking will be the measure of recovery, yet there are many exceptions to the rule; one being where the property has a

distinct "usable value." And horses broken and trained to do work would have, under ordinary circumstances, such "usable value," and, where such property has been wrongfully taken by one, and detained from another, such other has the right to recover as damages the reasonable value of the use of such property during the period of its detention; and this value is to be estimated by the ordinary market price of the use of such property. 34 Cyc. 1562; 24 A. & E. Ency. L. (2d Ed.) 514, and cases cited; Cobbey on Replevin, secs. 888,890, and cases cited.

For the reasons stated, this cause should be reversed and remanded for proceedings in accordance with this opinion.

By the Court: It is so ordered.