# WELEETKA LIGHT & WATER CO. v. CASTLEBERRY.

No. 3695.    Opinion Filed May 12, 1914.

Rehearing Denied August 25, 1914.

(142 Pac. 1006.)

1.  **APPEAL AND ERROR**—Case-Made—Exceptions. A mere recital
    in a case-made of exceptions to "each and all" of the several
    instructions given is insufficient.

2.  **SAME**—Record—Review of Evidence. Where case-made does not
    contain any averment, by way of recital, that it contains all
    the evidence and, notwithstanding attention is called to such
    defect in brief long on file, there has been no request for leave
    to amend, no error which requires an examination of the evidence
    will be considered here.

3.  **PLEADING**—Bill of Particulars—Sufficiency. A bill of particu-
    lars in replevin, which alleges and prays for the specific prop-
    erty or, if that cannot be had, for its value, and also prays for
    "damages," is sufficient, under section 4063, St. Okla. 1893
    (section 4807, Rev. Laws 1910), to warrant recovery of "damages
    for the detention," in the absence of objection at or before the
    trial.

4.  **REPLEVIN**—Damages for Detention. Where personal property
    has a distinct "usable value," the same may be recovered as
    "damages for the detention" under section 4063, St. Okla.
    1893 (section 4807, Rev. Laws 1910), in an action of replevin.

(Syllabus by Thacker, C.)

*Error from County Court, Okfuskee County;*
*J. B. Patterson, Judge.*

Action by M. H. Castleberry against the Weleetka Light &
Water Company. Judgment for plaintiff, and defendant brings
error. Affirmed.

*E. G. Wilson (F. W. Casner,* of counsel), for plaintiff in
error.

*Martin L. Frerichs,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be desig-
nated as defendant, and defendant in error as plaintiff, in accord
with their respective titles in the trial court.

Plaintiff brought an action in replevin against defendant in a justice of the peace's court for the property hereinafter specified, recovering judgment therefor on February 10, 1910; and on September 20, 1911, in the county court, on appeal by defendant, again recovered judgment for the property, with damages. The judgment in the county court was for one ice wagon, valued at $100; one ice wagon, valued at $20; two ponies, valued at $80; with proviso that, "if said property or any part thereof cannot be had," plaintiff might recover its said value, and, also, $200 as "damages as found by the jury."

Not only are there no exceptions to any instruction which should be considered, under the rule announced in *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289, which we have just followed in *Weleetka Light & Water Co. v. Northrop, ante,* 140 Pac. 1140, that a mere recital in the case-made of exceptions to "each and all" of the several instructions given is insufficient; but the case-made does not contain any averment by way of recital that it contains all the evidence, nor has defendant asked leave to supply the same by amendment (although this defect was pointed out in plaintiff's brief filed herein July 20, 1912); and, in such cases, the rule is that only errors urged which appear from an examination of the process, pleadings, reports, orders, verdict, and judgment, constituting the "record proper," and which do not require an examination of the evidence, will be considered in this court.

Plaintiff's bill of particulars, without alleging the value of the use of the property of which he was deprived by its detention, prays "for the return of said property, for his damages, and for costs of this suit," and it is in effect urged that damages for its detention could not be given in the absence of a specific allegation of such value or of the amount of damages claimed in the bill of particulars; but, in the absence of any form of objection before or at the time of trial, we think the allegation sufficient under section 4063, St. Okla. 1893 (section 4807, Rev. Laws 1910) authorizing "damages for the detention." And see *Kansas Pac. Ry. Co. v. Taylor,* 17 Kan. 566.

It may not be amiss to observe here that no question as to the jurisdiction of the county court of the amount there claimed and recovered, predicated upon the appellate character of its cognizance of the case, was raised either in that court or here; and, the county court having then both original and appellate jurisdiction of the subject-matter of the action and of the parties, the rule announced in *Casner v. Streit, ante,* 142 Pac. 1004, to the effect that, notwithstanding the county court ordinarily and by virtue of the appeal to it has only the jurisdiction of a justice of the peace in such cases, jurisdiction of an amount in excess thereof but within the maximum limit of its original jurisdiction may be given by consent and waiver, applies. Also see 24 Cyc. 643, and *Groenmiller v. Kaub,* 67 Kan. 844, 73 Pac. 100.

It is also urged that, in replevin, "usable value," in addition to a return of the property, or, if that cannot be had, its actual value, is not recoverable; but it appears to be well settled that where the property has a distinct "usable value" the same may be recovered as damages for its detention. *Thomas v. First State Bank of Tecumseh,* 32 Okla. 115, 121 Pac. 272, Ann. Cas. 1914A, 376, and *First State Bank of Mannsville v. Howell et al.,* 41 Okla. 216, 137 Pac. 657.

It is further complained that the judgment, which in the respect quoted in part above is somewhat inaptly worded, allows recovery for the value of all of the property if any item thereof cannot be returned; but we do not think it is susceptible of such construction, and to construe it, in the light of the law, to mean that only the value of such items as cannot be had in return is recoverable.

For the reasons stated, the judgment should be affirmed.

By the Court: It is so ordered.