## ALBRIGHT v. BLALOCK.

No. 5253.    Opinion Filed December 7, 1915.

(153 Pac. 682.)

DAMAGES—Breach of Contract—Measure of Damages.  In an action for damages arising upon an alleged breach of contract for the use of a team of mules, the measure of damages is the reasonable market value of the use of such animals.

(Syllabus by Bleakmore, C.)

*Error from County Court, Washita County;*
*L. R. Shean, Judge.*

Action by P. B. Blalock against Fred Albright.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*Rutherford Brett* and *Richard A. Billups,* for plaintiff in error.

*A. M. Beets* and *T. A. Edwards,* for defendant in error.

Opinion by BLEAKMORE, C.   This case presents error from the county court of Washita county.   The defendant in error, P. B. Blalock, plaintiff below, sued Fred Albright for damages, alleging that on the 15th day of April, 1912, the parties entered into a contract, by the terms of which plaintiff agreed to break for service a team of mules owned by defendant, in consideration whereof he was to have the use of said mules until the 1st day of January, 1913; that pursuant to said contract plaintiff broke said mules to service, but, in violation thereof, defendant thereafter deprived him of the use of said mules for 22 weeks. The cause was tried to a jury, and plaintiff recovered.

The plaintiff was entitled to recover only the reasonable market value of the use of the property for the time

he was deprived thereof in violation of said contract. To establish his damages in this regard he was permitted, over the objection of defendant, to introduce evidence of the usable value of the mules to himself alone. We do not conceive this to be the rule. The true measure of his damage was the reasonable market value of the use of such animals during the time he was deprived thereof. In *Thomas v. First State Bank of Tecumseh,* 32 Okla. 115, 121 Pac. 272, Ann. Cas. 1914A, 376, it is said:

"Horses broken and trained to do work would have, under ordinary circumstances, such 'usable value,' and where such property has been wrongfully taken by one, and detained from another, such other has the right to recover as damages the reasonable value of the use of such property during the period of its detention; and this value is to be estimated by the ordinary market price of the use of such property."

The admission of such evidence constitutes prejudicial error. The court instructed the jury:

"You are instrusted that in case you find from a preponderance of the evidence that defendant breached his contract with the plaintiff, then your verdict should be for the plaintiff for such sum as will compensate the plaintiff for all damages sustained by him on account of the breach of said contract."

In the light of the evidence such instruction was erroneous. The damages recoverable should have been limited to the reasonable market value of the use of the mules.

The judgment should be reversed and the cause remanded.

By the Court: It is so ordered.