## HUNT v. COHEN.

No. 9446—Opinion Filed Sept. 10, 1918.

Rehearing Denied March 25, 1919.

(179 Pac. 1.)

1. Replevin—Damages.

Where personal property has a distinct usable value, the same may be recovered as damages for the detention under section 4807, Rev. Laws 1910, in an action of replevin.

2. Same—Special Damages — Pleading.

A general allegation of damages in a petition in replevin is sufficient to authorize a recovery of such damages as are the natural and immediate consequence of the wrongful acts of defendant complained of, such as damages for the value of the use of the property while wrongfully detained by defendant; but special damages cannot be recovered unless specially pleaded, such as damages for an injury to the property while in defendant's possession.

3. Same—Damages—Insufficiency of Evidence.

Evidence of this case examined, and the

same. as well as all inferences to be drawn therefrom. does not reasonably support the verdict.

(Syllabus by Hooker, C.)

Error from County Court. Tulsa County: H. L. Standeven, Judge.

Action by Evelyn Cohen against Daniel Hunt. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

John Y. Murray, Jr.. for plaintiff in error.

Chas. Richardson, for defendant in error.

Opinion by HOOKER. C. This is a replevin action instituted by the defendant in error against the plaintiff in error to recover the possession of certain hair goods and damages for their wrongful detention. In the petition it is alleged that the plaintiff is the owner of the following goods and chattels and entitled to the immediate possession thereof, and it is further alleged that the defendant wrongfully detained in his possession from the plaintiff all of the aforesaid goods for a period of 57 days and deprived the plaintiff of the use and benefit thereof to her damage in the sum of $200. The prayer asks for a delivery to her from the defendant of said articles, and for judgment against the defendant for such wrongful detention in the sum of $200 damages sustained by reason of said wrongful detention, for costs, and all proper relief. To this petition the defendant filed a motion to make the same more definite and certain, in that the plaintiff be required to set out and show in detail exactly how and in what manner and what amounts she has been damaged by reason of the alleged detention of the articles and property claimed to have been wrongfully detained by the defendant.

This court, in Weleetka Light & Water Co. v. Castleberry, 42 Okla. 745. 142 Pac. 1006. said:

"Where personal property has a distinct 'usable value'. the same may be recovered as 'damages for the detention' under section 4063, St. Okla. 1893 (section 4807, Rev. Laws 1910), in an action of replevin."

Section 4807, Rev. Laws 1910. which was in force at the time this action was tried in the lower court, provides:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession. or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. * * *"

In 34 Cyc. 1475, it is stated:

"Where the complaint demands a return of

the property or its value and states the value, an ad damnum clause is not necessary; but damage cannot be recovered unless there is an allegation of damage. A general allegation of damage is, however, sufficient to authorize a recovery of such damages as are the natural and immediate consequence of the wrongful acts of defendant complained of, such as damages for the value of the use of the property while wrongfully detained by defendant; but special damages cannot be recovered unless specially pleaded, such as damages for an injury to the property while in defendant's possession * * *"

And in Jackson v. Glaze, 3 Okla. 143, 41 Pac. 79, this court said:

"In an action of replevin, the plaintiff can recover damages which follow as a necessary result of the use of the property, or, if he has been specifically injured, he may plead such injury and recover therefor."

And in Thomas v. Bank, 32 Okla. 115, 121 Pac. 272, Ann. Cas. 1914A, 376, it is held:

"Where the property has a distinct usable value and the same has been wrongfully taken by one and detained from another, such other has the right to recover as damages the reasonable value of the use of such property during the period of its wrongful detention."

In 34 Cyc. 1558, it is said:

"By the action of replevin the law intends to give a complete remedy to the party entitled to possession, not only as to the property itself, but also in respect to damages which are the natural result of the wrongful act."

And on page 1562, it is said:

"As heretofore shown, interest is the ordinary measure of damages for the wrongful detention of property; but the doctrine has no application where the property in suit has a usable value which exceeds the lawful rate of interest. Where this is the case, the successful party is entitled to recover as damages, for the detention, the value of such use during the period that he was wrongfully deprived thereof, which value is to be estimated by the ordinary market price of the use of such property. * * *"

The reason for the rule as given by the authority is that interest on the value of the property does not furnish adequate compensation for the wrongful detention. so it may be safely said under the authorities that, if property has a usable value, then that is the measure of damages. That being true. the damages are not special and

may be recovered under the general allegation of damages, and it is not necessary to plead specially in order to recover damages for the use or usable value of said property. See Ladd v. Brewer, 17 Kan. 204; Clark v. Martin, 120 Mass. 543; 3 Sutherland on Damages, § 1144.

Thereafter the defendant below filed an answer which consisted of a general denial. A trial was had and judgment rendered in favor of the plaintiff below for the possession of the property and $200 damages for its unlawful detention. Motion for a new trial was filed and overruled, and the plaintiff in error has appealed here. assigning as reasons why the judgment of the lower court should be reversed: First. that under the allegations of the petition evidence as to the usable value of the property in question was not authorized and such damages could not be recovered therefor. Second, that under the evidence as introduced the verdict of the jury was not sustained by the evidence.

We have heretofore held adversely to the contention of the plaintiff in error upon the first proposition. How the jury arrived at the verdict of $200 damages here, we are not able to comprehend. While the evidence does show that the plaintiff below frequently rented the property detained for certain purposes for which she received a fixed compensation. yet neither this evidence nor any inference that could be drawn therefrom would justify the jury in returning a verdict in this case for this amount of money. She had been in business at this place for some time previous to the wrongful detention of the property involved in this action.

The plaintiff below introduced no evidence. showing the returns of the previous weeks or months as to the rentals derived by her upon property of this kind, nor as to the number of customers from whom she received compensation for the use of material of this character. but merely testified that she frequently had calls to rent goods of this character for which she received from 25 cents to $1 per day. The proof here is that she had another store in the city of Tulsa where she handled similar goods.

The judgment of the lower court is reversed. and this cause remanded for a new trial.

By the Court: It is so ordered.