### McIVER v. KATSIOLIS.

No. 11397—Opinion Filed June 19, 1923.

Rehearing Denied July 24, 1923.

1. Appeal and Error—Reserving Grounds of Review—Sufficiency of Evidence.

Where plaintiff submits his case to the jury without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the verdict is not presented for review by plaintiff's motion for a new trial.

2. Damages—Reasonable Value of Goods Detained.

In an action against a defendant for the detention of household ·goods which have no special market value, the measure of damage is the value of the goods to the owner, not any fanciful value, which she might place upon them, but such reasonable value as from the nature and condition of the goods, and ·the purpose to which they were adapted and used, they had to her, and their usable value during the period of such . detention.

3. Evidence—Market Value.

Where a witness testifies generally to the value of an article in common use, it will be assumed that the market value is meant unless it is testified by him that the basis

of the value given is upon some other consideration.

#### 4. Evidence—Opinion Evidence—Value.

In an action of replevin of household goods, which have no market value, where the owner is familiar with the articles, has purchased them and used them in her family, and knows the purpose for which they were used, she is competent to testify as to their value to her.

#### 5. Evidence—Market Value.

It is not improper to permit proof of the purchase price of an article purchased in the usual course of trade, which has been used but a short time, as well as its condition at the time and its salable value at the second hand dealer's as elements for consideration of the jury in determining the reasonable market value of such article.

#### 6. Same—Expert Testimony — Necessity — Value of Household Goods.

Rules of evidence are not so technical as to require expert witnesses to prove the reasonable or market value of chattels such as household furniture in common use, where it is apparent from the facts proven that the value of the articles are within the knowledge of persons of ordinary intelligence and experience.

#### 7. Damages — Measure — Usable Value — Household Goods.

One of the exceptions to the general rule as to the measure of damages for the wrongful taking and detention of personal property is where the property so taken has a distinct usable value, and where household furniture used in a rooming house or hotel would have under ordinary circumstances such usable value, and where such property has been wrongfully taken by one and detained by another, such one has the right to recover as damages the reasonable value of the use of such property during the period of its wrongful detention.

#### 8. Appeal and Error—Verdict—Judgment—Weight of Evidence.

When the evidence is conflicting and contradictory, and there is some evidence tending to support each material allegation necessary to sustain the verdict, and the trial court has approved the verdict by refusing to grant a new trial, the appellate court will not disturb the judgment on the weight of the evidence.

#### 9. Same — Replevin — Sufficiency of Evidence.

Records examined in this case, and the evidence considered as sufficient to sustain' the verdict, and the same will not be disturbed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Action in replevin by Alice Katsiolis against William F. McIver. From judgment for plaintiff, the defendant brings error. Affirmed.

Albert L. McRill, for plaintiff in error.

Selby & Callihan, for defendant in error.

Opinion by RUTH, C. This action was brought in the county court of Oklahoma county by Alice Katsiolis, plaintiff in error against William F. McIver, the defendant in error, and from a judgment in favor of the plaintiff, the defendant apepals, and for convenience the parties will be designated as they apepared in the court below.

The plaintiff alleges in her petition that she was the owner of, and entitled to immediate possession of, certain household goods of the value of $650, and that the said goods were in a rooming house in Oklahoma City, and that the defendant wrongfully attached the same, and took them into his possession; that she gave bond in replevin and the defendant executed a redelivery bond and retained possession of the property. Attached to her petition as an exhibit is an itemized statement of the character and value of each and every article, showing the defendant seized more than 40 articles of furniture, including rugs, beds, chairs, davenports, dressers, and all articles going to furnish rooms in a rooming house or hotel; and that the plaintiff further alleges that the goods had a usable value for rooming house purposes, and that by reason of their unlawful detention by the defendant, she was damaged in the further sum of $350. The defendant, for his answer, for justification, sets up the fact that he was a constable and that he had a writ of attachment before judgment against one Mrs. O'Brien, and that he seized the goods under such attachment, and that the sum claimed by the party issuing against Mrs. O'Brien was but $20.

The case was duly tried to a jury in the county court of Oklahoma county, and a verdict returned for the plaintiff, Alice Katsiolis, wherein the jury found the reasonable market value of the goods at $433, and that the reasonable usable value of the goods was $183.53, and judgment was duly rendered for the said amount. The defendant reserved exceptions to the introduction of certain testimony, and to the giving of certain instructions which will be considered in their order. The defendant in his brief presents two assignments of error: First, the verdict of the jury is not sustained by sufficient evidence, and the verdict of the jury

is contrary to law, which assignments he joins and argues as one assignment; and, second, he presents argument on his objection to certain instructions. Examination of the record discloses the fact that the defendant neither demurred to the evidence of the plaintiff, nor did he request an instructed verdict after all the evidence had been introduced and both sides had rested.

It has been well settled by this court that where an objection is made that the verdict is "contrary to law," it is meant "contrary to the instructions," and in order to obtain a new trial upon that ground, it must be made to appear that there was instruction which was disregarded; it is not enough that a principle of law not embodied in an instruction was disregarded by the jury. Constantin Refining Co. v. Thwing Instrument Co., 72 Oklahoma, 178 Pac. 111. It is not pointed out to this court where any instruction given by the court was in any manner disregarded by the jury, and upon authority of the case last cited, such assignment of error is without merit. Turning to the proposition that the verdict is contrary to the evidence, we find from examination of the record that the defendant during the trial failed either to demur to the evidence or to ask for an instructed verdict, or in fact in any form attempted to raise the issue of the sufficiency of the evidence to support a verdict for the plaintiff. This question has received the consideration of this court on repeated occasions, as will be seen from an examination of the opinion in Norman v. Lambert, 64 Okla. 238, 167 Pac. 213, and it may now be said to be the settled rule of this court that where the plaintiff submits his case to the jury, and the defendant neither demurs to the evidence nor asks an instructed verdict, the question whether there is any evidence reasonably tending to support the plaintiff's case is not presented for review by the defendant's motion for a new trial. Authorities supporting this rule are numerous. The reason for the rule is well settled in Hecla Powder Company v. Sigua Iron Co., 157 N. Y. 437, 52 N. E. 650, affirming 91 Hun, 429, 36 N. Y. Supp. 838, in which the court says:

"In a civil action, we can only review upon exception and are compelled to disregard all errors committed by the trial court, unless they are pointed out by an objection and saved by an exception, no matter how serious those errors may be. Wicks v. Thompson, 129 N. Y. 634, 29 N. E. 301.

"It is necessary for a party who wishes to preserve a point for the consideration of this court to give the trial court a chance to act advisedly by interposing a proper objection which raises the point, and by taking an exception which saves the point. No objection, not taken upon the trial, can be urged or considered here. Serviss v. McDonnell, 107 N. Y. 260 & 265, 14 N. E. 314.

"The position now taken by the appellant that the evidence does not warrant the verdict cannot be sustained because they did not take that position at the trial. Duryea v. Vosburgh, 121 N. Y. 57, 24 N. E. 308.

"No motion was made to direct the verdict or in the nature of a nonsuit or to dismiss the counterclaim, or to take any issue from the jury. So far as it appears from the record, which is the only authentic evidence of the proceedings at the trial, the appellant acquiesced in the submission of all the issues to the jury and it cannot now be heard to claim that this was error. By not making the objection then, it waived its right to make the objection now."

Norman v. Lambert, 64 Okla. 238, 167 Pac. 213; Myers v. Hubbard, 80 Okla. 97, 194 Pac. 433.

It is contended by the defendant that the plaintiff was not qualified to testify as to the value of the goods, but examination of the record discloses that Gus Katsiolis, former husband of the plaintiff, testified at the trial that he had purchased as much as $10,000 worth of second-hand furniture, and was familiar with the reasonable market value of goods of that character, and that he set down on a piece of paper each article as it was removed from the house and placed his value thereon, and that the values so placed by him were correct, and the plaintiff's testimony was that she stood there with her former husband and agreed that the values so placed by him were the reasonable values of the property, and upon the presentation to her of the list of goods so seized, with the values set opposite the same, she testified that those values were the correct values of the property, and the list, with values attached, was introduced and became a part of the evidence which the jury might consider. She further testified that she had purchased rooming houses and purchased furniture of this character about four years prior to this time, and knew the value thereof, and further testified that the property had a usable value to her in the rooming house.

This court has repeatedly held that opinion evidence may be given as to the reasonable market value of articles in common use,

such as household furniture and wearing apparel, and a citation of a long list of authorities would serve no good purpose.

"Expert witnesses are not required to prove the reasonable market value of chattels in common use and the reasonable market price of which is within the knowledge of persons of ordinary intelligence and experience." Goldie Filson v. Territory of Okla., 11 Okla. 351, 67 Pac. 473.

"Rules of evidence are not so technical as to require expert witnesses to prove the reasonable or market values of chattels such as ordinary wearing apparel in common use where it is apparent from the facts proven that the value of the articles are in the knowledge of persons of ordinary intelligence and experience." Rogers et ux. v. O. K. Bus & Baggage Co. et al., 46 Okla. 289, 148 Pac. 837; St. Louis & San Francisco Ry. Co. v. Dunham, 36 Okla. 724, 129 Pac. 862.

Even if it were possible for the court to review the evidence, had the proper objection been filed and the evidence properly presented to this court for review, we would be constrained to find that there was evidence to support the verdict of the jury as was developed by the testimony of the plaintiff and her former husband. True it is that the defendant in the court below introduced evidence to show that the value of the goods taken by him did not exceed $175, but the conflicting evidence cannot be considered by this court.

"When the record presents no question for review except such as would require the Supreme Court to weigh the evidence and determine where the preponderance lies, the judgment of the court below will be affirmed." Carr v. Maxwell Trading Co., 24 Okla. 758, 105 Pac. 333; Town of Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737; McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; John W. Archer & Robt. Crawford v. United States, 9 Okla. 569, 60 Pac. 268.

The next assignment of error relied upon by the plaintiff in error is that the court erred in giving instructions numbered 1, 3, and 4. The objection of plaintiff in error to instruction number 4 is based upon the assertion that there was no competent evidence on which the jury might return a verdict fixing the value of the property, and as this question has already been determined in this opinion, we may eliminate instruction number 4 from our further consideration.

Plaintiff in error objected to instruction number 3 upon the ground that it was erroneous in two particulars, first, there is no competent evidence as to value, which has already been determined by this court, and, sec-

ond, that the instruction is erroneous as it instructed the jury to give the plaintiff judgment for whatever damages she may have sustained, including the usable value of the property, and this is the objection to instruction number 1. Upon an examination of the record and the verdict of the jury, we learn that the jury, after hearing all the evidence, fixed the market value of the property at a definite figure, and awarded the plaintiff below damages in the sum so found in the event the property could not be returned to her, and fixed a specific and definite sum for the reasonable value of the property to the plaintiff for the period of its detention. It is therefore evident that the jury considered no question of damages, save and except reasonable market value of the property so taken from her, and its usable value during the period of its detention, and if that part of the instruction complained of was erroneous, the jury was not misled thereby, and the rights of the defendant were not prejudiced.

"Where on appeal in this court, the only errors assigned and argued by counsel for plaintiffs in error in their brief are that the trial court erred in giving certain instructons and refusing to give certain requested instructions, and on examining the instructions thus complained of, and the entire record, it does not appear that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, the Supreme Court is without authority to set aside the judgment of the trial court, and the same will be affirmed." Moses et al. v. George, 80 Okla. 120, 196 Pac. 550; New et al. v Hughes, 80 Okla. 129, 194 Pac. 1071: Fidelity-Phenix Fire Ins. Co. v. School Dist. No. 10, Johnston County, 80 Okla. 290, 196 Pac. 700.

After a careful review of the errors complained of, and the testimony set forth in the plaintiff's brief showing that the plaintiff had testified without objection that she paid $1,000 for the rooming house, and she and her former husband fixed the price of the articles of furniture as they were removed, and set the value of each opposite the same, and she testified that they represented the true value, and the written inventory was admitted in evidence, and in view of the fact that the defendant filed no demurrer to the plaintiff's evidence, nor requested an instructed verdict, we are constrained to hold that under the ruling of this court, as herein set forth, there was no error in the proceedings of the court below and judgment of the court below is therefore affirmed.

By the Court: - It is so ordered.