## SECURITY STATE BANK OF COMANCHE v. HUBBARD.

No. 23785.     Jan. 8, 1935.

Rehearing Denied Feb. 5, 1935.

H. B. Lockett, for plaintiff in error.

Paul D. Sullivan, for defendant in error.

PER CURIAM. This action was begun by the Security State Bank of Comanche against Alma Hubbard, defendant, to recover judgment upon a promissory note for the sum of $4,127.50, with interest from October 15, 1928, until paid, attorney fees, and for the replevin of certain personal property. The petition having been filed October 16, 1928, summons and writ of replevin were issued, and certain personal property seized and taken from possession of defendant in error by virtue of the replevin proceedings.

Subsequently the record discloses that the plaintiff dismissed said cause of action in open court, and that the court clerk made a minute of the court's order dismissing said cause in open court, and transferred this minute, reflecting the order of the court, to the appearance docket. At the time the case was called for trial, the trial court observed: "I see from the files in this case it is the defendant's application for hearing, claiming certain property rights." Counsel for both plaintiff and defendant proceeded upon that theory, and the defendant assumed the burden of the hearing. The case is presented on appeal by the assignment of error complaining of error of the court in refusing to give plaintiff judgment for its debt against defendant on its promissory note sued on by plaintiff in said case or any part thereof. Plaintiff in error, as plaintiff below, filed a reply to the application of defendant, in which plaintiff made the following statement:

"Plaintiff understood and thought it had dismissed said action, but finds upon examination of the records that no order of dismissal was ever made."

The record discloses that the bank did not offer in evidence the note or mortgage sued upon in the original petition, but proceeded in the hearing upon the theory that it was a proceeding and an application by the defendant to have his rights of property and right of possession inquired into and determined by the court, notwithstanding such dismissal. In this proceeding the right of property and of possession was determined in favor of defendant, and upon that basis the court entered judgment finding the issues in favor of the defendant, and fixed the amount of recovery at $450, together with interest at the rate of 6 per cent. per annum from November 6, 1928, until paid.

An examination of the record discloses that this judgment and finding is amply supported by the evidence, and, in applying the measure of damage, we think correctly applied the rule as set out in the case of Thomas et al. v. First National Bank of Tecumseh, 32 Okla. 115, 121 P. 272.

We, therefore, conclude that the judgment of the lower court was correct, and that judgment should be, and is, affirmed.

The Supreme Court acknowledges the aid of Attorneys Fred W. Green, F. H. McGuire, and S. J. Burton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Green, and approved by Mr. McGuire and Mr. Burton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.