## JOY v. GIGLIO.

No. 34331.   Feb. 3, 1953.

*254 P. 2d 351.*

Carmon C. Harris, Oklahoma City, for plaintiff in error.

Goodson & White, Oklahoma City, for defendant in error.

PER CURIAM. For convenience the parties will be given their trial court designations.

The defendant, G. C. Joy, purchased a 1948 Ford automobile from one Dick Dolph, a used car dealer at Oklahoma City, Oklahoma, in March, 1949. Dolph had previously purchased it from one Robert C. King. It bore an Oklahoma license tag, and the supposed owner, Robert C. King, had in his possession a certificate of title issued by the State of Oklahoma to Robert C. King and Thadeis King. However, the facts show that plaintiff, who was engaged in the automobile rental business at Tampa, Florida, rented said automobile to King in January, 1948, and King absconded with it. In October, 1948, plaintiff discovered this automobile in the possession of the defendant at Oklahoma City and made a demand for its delivery. The defendant refused to surrender possession and, as a result, plaintiff sued for the return of the automobile, or its alleged value of $2,350 in lieu thereof, and for damages in the sum of $500 for the loss of its usable value because of the wrongful detention, and the cost of the action, including a reasonable attorney's fee.

Upon the trial of the issues, a jury having been waived, the court found in favor of the plaintiff and assessed damages in the sum of $1,800, the value of the automobile as of October, 1948, and $500 in addition thereto, for the loss of use of said automobile during the time it was wrongfully withheld by defendant.

At the request of the defendant, the court itemized the damages making up the sum of $500 as $350 for the loss of the use of the automobile from October, 1948, until the 8th day of March, 1949, and $150 for attorney's fees expended by the plaintiff.

For modification of the judgment the defendant urges first that the court erred in allowing damages for the wrongful detention of the automobile based upon loss of profits to the plaintiff. He argues that the loss of profits the plaintiff would have received in operating the automobile in his business is not the proper measure of damage, and in support of this contention cites the case of M. & D. Finance Co. v. Methvin, 186 Okla. 294, 97 P. 2d 572. In that case the defendant, who was wrongfully detained from the use of his automobile, was using it as a means of personal transportation in his business. Therefore, the measure of damages was rightly held to be the amount it would have cost him to rent another automobile for this use.

The case under consideration does not present the same factual situation, and it is our opinion, considering the business in which plaintiff was engaged, that the usable value of this automobile would naturally be the profits that would be realized by its rental. By its very use it could have no other usable value to plaintiff.

In support of this rule, we cite McIver v. Katsiolis, 93 Okla. 49, 217 P. 422, in which case this court held that household furniture used in a rooming house or hotel had a distinct usable value and when such property was wrongfully detained by another, the owner "has the right to recover as damages the reasonable value of the use of such property during the period of its wrongful detention."

Plaintiff testified that he would normally expect to earn $40 a week on this or a similar automobile in his business at Tampa, Florida. In fixing the damage it is to be noted the court only al-

lowed him approximately $20 per week during the period subsequent to the time plaintiff's righful demand for the surrender of his property was refused by the defendant. Under the evidence the damages assessed were reasonable.

Other cases not squarely in point on the facts but which recognize the distinct usable value rule are: Francis v. Guaranty State Bank of Texola, 44 Okla. 446, 145 P. 324, Hunt v. Cohen, 74 Okla. 248, 179 P. 1; Weleetka Light & Water Co. v. Castleberry, 42 Okla. 745, 142 P. 1006. Also, 23 O.S. 1951 §61 provides:

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

Defendant further argues that the usable value of a chattel should be evaluated at the place the defendant acquired possession. This court has held that the value is to be assessed "at the place of taking." Security State Bank of Comanche v. Hubbard, 170 Okla. 502, 38 P. 2d 16, and Francis v. Guaranty State Bank, supra. In these cases the chattel was originally taken from the plaintiff by the defendant and the place of taking was the place where the chattel was being used by the plaintiff and was of value to him.

In this case, the place where the defendant took possession of the automobile was in Oklahoma City, Oklahoma, rather than Tampa, Florida, where the plaintiff had last been in possession and the chattel had been of value to him.

Therefore, if the "place of taking" rule is as defendant urges, the plaintiff could not recover damages for the loss of use of his automobile, although he had actually been damaged by its wrongful detention, because he was not engaged in the automobile rental business in Oklahoma. Thus, it would ap-

pear that by adopting defendant's construction of the prior decisions of this court, we would destroy the very purpose of the statute whereby one may be compensated for the damages incurred by another's wrongful detention of his chattel. Therefore, it must be held that the place of taking relates to the place where the chattel was originally taken from the possession of its rightful owner and had a usable value, and not the place where the person in wrongful possession acquired it.

The defendant next urges that the court erred in awarding attorney's fees against the defendant. Title 12 O.S.A. §1580 specifically sets out the damages which are recoverable in a replevin action. The statute is as follows:

"In an action. to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had. and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

It will be noted that there is no provision in the foregoing statute making attorney's fees an element of damage in a replevin action. Attorney's fees are not recoverable in any action, unless they are specifically provided for by contract or by statute. On this question plaintiff cites the case of Orr v. Mallon, 190 Okla. 598, 126 P. 83. In that case there was a replevin action coupled with an action to foreclose a lien. The court held that attorney's fees were a proper element of damages in that case, but based the recovery on the fact that attorney's fees are specifically provided for by statute in an action for foreclosure of a lien. Therefore, it is the opinion of this court that there is no basis for the recovery of attorney's fees in an action based solely on replevin. Thus the sum of $150

granted by the trial court based on this element of damage was in error.

Finally, the defendant insists, "The evidence upon which the judgment for damages was based is improper and should have been excluded." Since under the facts peculiar to this case the court has held that loss of profits was the proper measure of damages for usable value and Tampa, Florida, was to be considered as the "place of taking," it, therefore, follows that the evidence introduced was competent to support the judgment of the court.

It is, therefore, ordered that the judgment of the trial court awarding plaintiff the sum of $150 attorney's fees, as an element of damage, be reversed.

It is further ordered that the judgment that Joseph B. Giglio is the owner of said automobile, and assessing its value at $1,800, and further finding that plaintiff has been damaged in the sum of $350 by reason of the loss of the use of said automobile, is affirmed.

This Court acknowledges the services of Attorneys George H. Jennings, Don Vickers and Lawrence Jones, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'-NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. ARNOLD, J., dissents.