Terry ROBERTS, Appellee,

v.

**The CITY OF BETHANY, a municipal corporation; et al., Appellants.**

No. 50529.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 13, 1977.

As Modified by Supreme Court July 23, 1979.

---

4. Q. Larry, whose mushroom growing operation was that that was in your house?

A. It was mine.

Smith, Smith & Vaughan by Wilbert G. Smith, Oklahoma City, for appellee.

David A. Davis, Oklahoma City, for appellants.

ROMANG, Judge:

This mandamus action was brought by Terry Roberts against the City of Bethany and the Mayor, City Councilmen, Engineer and Inspector of Bethany for the purpose of obtaining a permit to remodel and enlarge his one family dwelling. This case was submitted to the trial judge on stipulation of facts. The trial court issued a peremptory Writ of Mandamus against the defendant City and its officials commanding them to issue a proper building permit to Terry Roberts. The question of awarding damages to plaintiff was continued to a later date. Defendants filed a Motion for New Trial and a Motion to Stay, which were overruled on December 29, 1976, and at the same time the trial court denied plaintiff's request for an attorney's fee.

The City of Bethany and its officials have appealed as to the granting of the Writ of Mandamus, and plaintiff has cross-appealed as to the denial of damages. Reference will be made to the City of Bethany and its officials as Bethany or as the City, and to the plaintiff as Roberts.

The essential facts are briefly as follows: Roberts owns a single family dwelling located at 8645 N.W. 23rd Street in Bethany, Oklahoma. He applied to the City Engineer for a building permit so he could remodel and enlarge his home. The City would not issue the permit unless Roberts would convey to it a strip of his land seventeen (17) feet in width which abutts on 23rd Street and also give an easement over the rear of his property. When Roberts refused, the City denied the permit. Roberts then filed this action.

On this appeal, Bethany presents as its first proposition, the following:

The court erred in ruling that appellee, Roberts, was entitled to a building permit without dedication of right of way as required by Bethany Code of Ordinances.

Bethany asserts that the trial court erred in holding unconstitutional Section 19–7.1D of the Bethany Code of Ordinances which prohibits the issuance of a building permit unless Roberts would first dedicate 17 feet of additional right of way on N.W. 23rd Street. Bethany further asserts that it has adopted a comprehensive Street and Transportation Plan; that Section 19–3(i) of its Code provides for a minimum right of way width of 100 feet on main thoroughfares, and that no building permit shall be issued for property bordering on N.W. 23rd Street

unless sufficient right of way is dedicated to allow a 50 foot street easement to the center of the street; that Section 19–7.1D provides that where property is described by metes and bounds a building permit will not be issued until sufficient right of way is dedicated; that the Roberts property had not been subdivided with the approval of the Bethany Planning and Zoning Commission, and that it does not meet the minimum requirements for right of way easements.

At this point it should be mentioned that the Roberts property was last subdivided on June 26, 1929, at which time it was described by metes and bounds; that it has never been platted, and it was not annexed to the City of Bethany until April 21, 1959. The right of way in front of the Roberts property to the center of N.W. 23rd Street, which is a section line, is 33 feet. The right of way and easement required of Roberts by Bethany, before the permit would issue, were to be given without compensation.

Article 2, § 24 of the Oklahoma Constitution provides:

Private property shall not be taken or damaged for public use without just compensation.

Cities are authorized by statute to acquire private property for streets or for widening, but not without the payment of just compensation. 11 O.S.1971, § 171 and § 670; *City of Lawton v. Akers,* 333 P.2d 520 (Okl.1958). Therefore, Section 19–7.1D of the Bethany Code is void.

■ Bethany's second and final proposition reads:

The remedy of mandamus was not available to Appellee, Roberts.

Bethany contends that Roberts should have appealed the City Engineer's denial of the permit to the Board of Adjustment of the City of Bethany, and that until Roberts had exhausted his administrative remedies, he could not maintain an action in District Court for a Writ of Mandamus.

In *Claxton v. Borrowman,* 266 P.2d 966 (Okl.1954), the syllabus states:

Mandamus is the proper remedy to require city officials charged with duty to perform ministerial acts, such as issuance of plumbing permits, when it is clear that applicant holds a valid, unrevoked master plumber's license and offers to fulfill other requirements requisite to being granted·plumbing permit by the city.

Here, Roberts was willing to pay the fee for the permit and to meet all the requirements of the Building Code of Bethany. The issuing of the permit was a ministerial duty, and upon its denial, an action in the District Court for a peremptory Writ of Mandamus was a proper remedy without first exhausting administrative relief that might be available.

■ Roberts presents a single proposition on his cross-appeal, which reads:

Plaintiff is entitled to recover damages in mandamus action.

12 O.S.1971, § 1460 provides:

If judgment be given for the plaintiff, he shall recover the damages which he shall have sustained, to be ascertained by the court or jury, or by referees, as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay.

In *Braine v. City of Stroud,* 385 P.2d 428 (Okl.1963), the syllabus reads:

Where a judgment is rendered in favor of the plaintiff in a mandamus proceeding he may, in the same proceeding, and as part of his remedy, recover such damages as he has actually sustained through the wrongdoing of the defendants.

Authority of the court to award damages in mandamus proceeding is by virtue of jurisdiction under 12 O.S.1961 §§ 1451–1462, inclusive, specifically section 1460, and damages sustained prior to issuance of writ of mandamus are proper subject for court's subsequent consideration in the cause.

Thus, Appellee's proposition that a plaintiff in a mandamus action may be awarded damages is correct. However, there is no authority to support his argument that a plaintiff who successfully secures a Writ of Mandamus is entitled to an award of attorney fees as part of the damages involved.

The general rule in this jurisdiction is that attorney fees are not recoverable in damages unless they are specifically provided for by contract or statute. *Joy v. Giglio,* 208 Okl. 50, 254 P.2d 351 (1953). This being the case, we cannot say that the trial court erred in refusing to award attorney fees. However, the trial court's refusal to award damages, pursuant to the provisions of 12 O.S.1971, § 1460, quoted above, did constitute reversible error. This is so, for the statute mandates that a plaintiff "shall" recover the damages which he shall have sustained.

For the above stated reasons, the trial court's issuance of a Writ of Mandamus, and its refusal to award attorney fees, are affirmed, and the trial court's refusal to award damages is reversed and remanded for a further consideration of damages.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

REYNOLDS, P.J., and BOX, J., concur.