Terry ROBERTS, Appellee,

v.

The CITY OF BETHANY, a municipal corporation; Judson M. Snyder, Inspector; Lee Johnson, Engineer; Duane Cory, Shelton M. James, John Westmoreland, James L. Falkner, Milton P. Seagraves, Harrison J. Cross, Charles E. Dye, and Ray D. Melrose, Councilmen; and Eldon D. Lyon, Mayor, Appellants.

No. 50529.

Supreme Court of Oklahoma.

July 23, 1979.

ORDER MODIFYING PUBLISHED OPINION OF THE OKLAHOMA COURT OF APPEALS.

After full consideration of the Petition for Certiorari filed in the above styled and numbered cause, which has been heretofore granted by the Court,

IT IS THE ORDER OF THIS COURT that the opinion in the above styled and numbered cause issued by the Court of Appeals, Division No. 1, on September 11, 1977, and published at 48 Oklahoma Bar Journal 2029, 668 P.2d 350, be modified as follows:

The last six paragraphs of the opinion, beginning with the words "In *Nolte v. Kansas City Long-Distance Telephone Co.*", are stricken and the following paragraphs are to be substituted in their place:

"Thus, Appellee's proposition that a plaintiff in a mandamus action may be awarded damages is correct. However, there is no authority to support his argument that a plaintiff who successfully secures a Writ of Mandamus is entitled to an award of attorney fees as part of the damages involved. The general rule in this jurisdiction is that attorney fees are not recoverable in damages unless they are specifically provided for by contract or statute. *Joy v. Giglio*, 208 Okl. 50, 254 P.2d 351 (1953). This being the case, we cannot say that the trial court erred in refusing to award attorney fees. However, the trial court's refusal to award damages, pursuant to the provisions of 12 O.S.1971, § 1460, quoted above, did constitute reversible error. This is so, for the statute mandates that a plaintiff 'shall' recover the damages which he shall have sustained.

"For the above stated reasons, the trial court's issuance of a Writ of Mandamus, and its refusal to award attorney fees, are affirmed, and the trial court's refusal to award damages is reversed and remanded for a further consideration of damages.

"AFFIRMED IN PART; REVERSED IN PART; AND REMANDED."

IT IS THE FURTHER ORDER OF THIS COURT that the judgment and opinion of the Court of Appeals, as modified above, be affirmed.