Mary Jo SIMPSON, Plaintiff-Appellee,

v.

Bob GEAR, Defendant-Appellant.

No. 62371.

Supreme Court of Oklahoma.

June 3, 1986.

Steven L. Parker, Tecumseh, for defendant-appellant.

Thomas A. Thompson, Shawnee, for plaintiff-appellee.

OPALA, Justice.

Three questions are presented on certiorari: [1] Did the trial court correctly instruct the jury that a partner may bind a partnership beyond the point of its dissolution in a transaction with one who had previously extended credit to the entity and was without notice of its dissolution? [2] Where joint funds were partially used to purchase a tractor that was later sold to a third party by one of the joint owners, did the trial court err as a matter of law in allowing the non-selling joint owner to maintain a replevin action against the third party for possession of the tractor? and [3] May a plaintiff who failed to post a prejudgment delivery bond in a replevin action recover for the wrongful detention of the chattel during the period when prejudgment possession could have been obtained? We answer the first two questions in the negative and the third in the affirmative.

In a replevin action against Bob Gear [Gear], Mary Jo Simpson [Simpson] sought possession of a tractor and damages for its wrongful detention. Gear had purchased the tractor from Susan Smith [Smith] in

September of 1982. Smith and Simpson had been involved in several business ventures as partners until they dissolved their partnership in September of 1981. The dissolution agreement was filed in the county clerk's office on July 19, 1982 concurrently with a quit claim deed by Smith to Simpson.[1] When he purchased the tractor from Smith, Gear claims he believed the partnership was still viable and the tractor was partnership property. He had previously done business with the partnership and had extended credit to it.[2] While Simpson had purchased the tractor here in contest in 1980 by assuming a bank note in her individual capacity, the downpayment and a few of the note's regular payments were made by a check drawn on an account owned jointly by the Smith/Simpson partnership.

At the prejudgment stage of her lawsuit Simpson secured an order that allowed her to recover possession upon giving an undertaking. Because she never posted the bond, Gear retained possession of the tractor pendente lite. A judgment on jury verdict was given for Simpson. She recovered possession of the tractor, $2,822 in detention damages and an attorney's fee of $3,200. He then appealed from the trial court's order denying a new trial. The Court of Appeals affirmed and Gear now seeks certiorari. For the reasons to be stated, we reverse the trial court's judgment and remand the cause for new trial.

**I**

Gear contends the trial court erred in failing to instruct the jury that statutory notice is required for partnership dissolution by the provisions of 54 O.S.1981 § 235.[3] He urges that § 235 clearly pro-

1. While Simpson does not claim that the dissolution agreement's filing operated as *constructive* notice of the dissolution, she does argue that Gear had *actual* notice of the dissolution. The jury must decide this contested issue of fact.

2. Gear had sold an 80-acre tract of land to Simpson and Smith as partners. They both had signed a "sale and purchase agreement" in October of 1979. By the terms of the contract they had agreed to execute promissory notes in favor

of Gear as consideration for the property. They later executed a 15-year real estate mortgage for $65,000. These acts clearly bring Gear within the purview of 54 O.S.1981 § 235(1)(b)(I), *infra* note 3, as a person who had extended credit to a partnership prior to its dissolution.

3. The terms of 54 O.S.1981 § 235(1)(b)(I) provide in pertinent part:
   (1) After dissolution a partner can bind the partnership ...

vides notice must be given before the dissolution may be binding on someone like him who has dealt with the parties as partners before dissolution of the partnership. In short, Gear advances the argument that, under the evidence adduced, the lack of dissolution notice to him, rather than the continued existence of an active partnership on the date Smith sold him the tractor, formed the critical issue in the case. This issue, Gear maintains, was not correctly addressed either in the Court of Appeals' opinion or in the instructions given below.

The jury instruction in contest—Instruction No. 2—provides in essence that Simpson has the *burden to prove* that [1] she owned the tractor, [2] Smith did not have the right to sell it and [3] Gear caused her damage by "converting" the tractor. The instruction further provides that Simpson cannot recover if Gear proves that [1] Smith and Simpson were in an "active" partnership relation at the time the tractor was sold and Smith owned an interest in the tractor, or [2] it was made to appear to Gear that Smith was an "active partner" in the venture and had the power to sell the tractor.

■ The Court of Appeals concluded that this instruction was actually more favorable to Gear than it should have been because its terms would allow Gear to recover without proving that he did not have notice of either Smith's lack of authority or the partnership's dissolution. We need not analyze the appellate court's rationale since we find the challenged instruction to be fatally flawed in another respect. The crux of the controversy here was not whether the partnership was *in actual existence* when the tractor was sold but whether Gear had received notice of its dissolution when he purchased the tractor from Smith. The provisions of § 235 *allow*

*Gear to rely on a partner's authority to bind the partnership until he has received notice of its dissolution.* The instruction in contest impermissibly casts the burden on Gear to establish that the partnership in fact existed, or that it appeared to continue in existence, at the time of the tractor's sale. *This was not his onus.* Gear only needed to show that Smith had the authority to bind the partnership with respect to the tractor *before the entity's dissolution.* Once Smith's authority came to be established, the burden would then shift to Simpson to show Gear's knowledge that, at the time of sale, Smith lacked the authority to bind the partnership with respect to the tractor.[4]

■ The trial court's instruction focuses on the continued existence, real or apparent, of an "active partnership" at the time of sale—an issue not in controversy below—and ignores or overlooks the applicable provisions of § 235. Since Gear clearly brought himself within the terms of the cited section, the trial court erred in failing to give his requested instruction on the § 235 theory. Because the instructions given materially deviate from the dispositive legal issue, failure to inform the jury of the critical partnership law principle applicable to a person in Gear's status constituted prejudicial error. The trial court's judgment must hence be reversed and the cause remanded for new trial.

## II

■ Gear argues that Simpson's replevin action must fail as a matter of law. The argument advanced is that the tractor constituted jointly owned property, and that one co-owner cannot maintain replevin to secure possession of common property from another co-owner.[5] Without pausing

(b) By any transaction which would bind the partnership if dissolution had not taken place, provided the other party to the transaction

　(I) Had extended credit to the partnership prior to dissolution and had no knowledge or notice of the dissolution; * * * "

4.　After persons have held themselves out to the public as partners, a presumption arises that their partnership continues. Notice of dissolution overcomes the presumption. See *Connelly v. Johnson,* Okl., 385 P.2d 448, 451–452 [1965].

5.　In support of his argument Gear cites *Julen v. Yeoman,* 25 Okl. 448, 106 P. 956 [1910].

to consider the correctness of Gear's legal conclusion, we hold that because the evidence was in dispute as to whether the tractor was ever partnership property, this issue was one for the jury. While it is true that some of the tractor payments were made from a joint account, Smith's individual ownership interest in the tractor was not uncontroverted.

### III

Gear argues that the trial court incorrectly instructed the jury on the measure of recoverable damages. He asserts that, because the evidence adduced failed to show what damages Simpson claimed, the jury's verdict is at best based on conjecture or on speculation. He also urges that, since Simpson did not post a prejudgment delivery bond, she cannot claim detention damages for the prejudgment period during which the tractor remained in his possession.

That portion of Jury Instruction No. 2 which pertains to damages provides in pertinent part:

> " * * * If you so find, then your judgment must be in favor of the plaintiff and against the defendant and you should determine the amount of her actual damage received thereby, which can not exceed $5,000.00 or the value of the tractor and a fair compensation for time and money expended in pursuit of the property, and so state by your verdict. * * * "

In the pre-trial conference order Simpson's suit was described as an "action in replevin or [for] value of property and for detriment of *loss of use* and *impairment in value.*" [Emphasis added.]

■ We agree that the jury instruction did not sufficiently guide the jury on how to measure recoverable damages for the wrongful detention of property in a replevin action. Since the cause must be retried for the reasons stated in Part I, *supra,* we provide the omitted guidance by setting out the governing principles.

■ There are two elements of damages recoverable in a replevin action: (a) general damages that flow as a necessary result from the detention of the property and (b) special damages which are incidental and peculiar to the case.[6] The proper measure of general damages for the wrongful detention of property is its *"usable value"* during the time the plaintiff was kept out of possession.[7] The "usable value" of property wrongfully detained is determined by the ordinary fair market price of such use at the place of taking and during the period of its detention.[8] A general allegation of damages in the pleadings authorizes recovery of distinct usable value of property wrongfully detained from the date of demand for the return of the property to the date of trial.[9] Special damages for injury to property while in the defendant's possession cannot be recovered unless they were specially pleaded.[10]

■ The filing of Simpson's replevin action marks the date when demand was made for the tractor's return. A prejudgment replevin order requiring the plaintiff to post a delivery bond as a precondition

6. *Mitchelson v. Commercial Investment Trust,* 97 Okl. 98, 222 P. 663 [1934].

7. 12 O.S.1981 § 1580; *Mitchelson v. Commercial Investment Trust, supra* note 6; *McIver v. Katsiolis,* 93 Okl. 49, 217 P. 422, 423 [1923]; *Chilton v. Carpenter,* 78 Okl. 210, 189 P. 747 [1920]; *Hunt v. Cohen,* 74 Okl. 248, 179 P. 1, 2 [1919]; *Francis v. Guaranty State Bank of Texola,* 44 Okl. 446, 145 P. 324, 326 [1914]; *Security State Bank of Comanche v. Hubbard,* 170 Okl. 502, 38 P.2d 16 [1935]; *Joy v. Giglio,* 208 Okl. 50, 254 P.2d 351, 353 [1953] and *Taylor v. Graver Tank & Mfg. Co.,* Okl., 344 P.2d 1045, 1048 [1959]. Where a redelivery bond is given and the defendant retains possession of the property, the measure of damages is the value of the property at the commencement of the action and its usable value during the time the plaintiff was kept out of possession.

8. *Thomas v. First Nat. Bank,* 32 Okl. 115, 121 P. 272, 274 [1912]; *Francis v. Guaranty State Bank of Texola, supra* note 7 and *Security State Bank of Comanche v. Hubbard, supra* note 7.

9. *Chilton v. Carpenter, supra* note 7 and *Hunt v. Cohen, supra* note 7.

10. *Hunt v. Cohen, supra* note 7.

for obtaining possession of the property is not a bar to recovery of its "usable value" during the time that possession is withheld *if there is testimony to show that the plaintiff was without the means to meet the terms exacted for prejudgment delivery of possession* and hence was unable to mitigate the damages.[11]

Certiorari is granted; the Court of Appeals' opinion is vacated; the trial court's judgment on jury verdict is reversed and the cause is remanded for a new trial not inconsistent with today's pronouncement.

All the Justices concur.

**11.** *Hoff v. Lester,* 25 Wash.2d 86, 168 P.2d 409, 412–413 [1946]; *Radley v. Raymond,* 34 Wash.2d 475, 209 P.2d 305, 310 [1949]; *Lake Village Implement Company v. Cox,* 252 Ark. 224, 478 S.W.2d 36, 41–42 [1972]; *W.B. Moses & Sons v. Lockwood,* 295 F. 936 [D.C.Cir.1924] and Annot. 164 A.L.R. 758 and 33 A.L.R. 1479.