### B. F. SMITH v. W. W. SPENCER *et al.*

(Filed Aug. 24, 1899.)

1. APPEAL—*Evidence—Findings of Fact.* Where there is competent evidence reasonably tending to support the finding of the trial court on controverted questions of fact, the appellate court will not disturb the finding on the weight of the evidence.

2. FINDINGS OF·FACT—*Effect.* The finding of the trial court upon controverted questions of fact will, on appeal, be given the same effect as the verdict of a jury.

    (Syllabus by the Court.)

*Error from the Probate Court of Kay County; before Robert Neff, Probate Judge.*

*Exline & Barnum,* for plaintiff in error.

*C. J. Michling* and *T. H. Cuppage,* for defendant in error.

Action by B. F. Smith against W. W. Spencer. W. C. Spencer intervened. From an order dissolving the attachment piaintiff brings error. Affirmed.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, Smith, brought an action in the probate court of Kay county to recover a judgment against W. W. Spencer, on a promissory note executed by Spencer and on an account for merchandise sold to Spencer. Smith procured an attachment to issue in the cause, and the writ was levied on certain chattels, a portion of which was claimed by the defendant W. W.

Spencer, and a portion by his son W. C. Spencer, who intervened. The grounds for attachment, as set out in the affidavit were: First, that the defendant has assigned and disposed of a part of his property with intent to hinder, delay, and defraud his creditors; second, that the defendant is about to assign, remove, and dispose of a part of his property with intent to hinder, delay, and defraud his creditors; third, that he fraudulently contracted the debt for which action was brought. The attachment defendant, W. W. Spencer, denied the grounds of attachment and moved that the attachment be dissolved. This issue was tried to the court, and considerable evidence, both parol and written, introduced. On the trial of this issue, the court found for the defendant, that the grounds for attachment were not sustained, and discharged the attached property. From this order Smith appeals.

The burden was on the plaintiff to establish some one of his alleged grounds of attachment. The claim that the debt was fraudulently contracted was abandoned by failure to introduce any evidence tending to support such allegation. The evidence relied upon to support either or both the other grounds was largely to the effect that the defendant was involved in numerous debts to divers persons, and that he had executed a number of chattel mortgages at various times, and to divers persons, on his personal property, consisting of live stock, farming implements, growing crops, and an outfit for butcher shop. But there was no evidence that the debts for which these mortgages were executed, were not *bona fide* debts, nor was there any evidence that the defendant, by giving any of these mortgages, intended to defraud

any person, but there was evidence to the effect that the money obtained on these credits was used to pay other debts. In the absence of fraudulent intent, the giving of chattel mortgages or preferring creditors will not sustain an attachment. (*Randall v. Shaw*, 28 Kan. 419; *Kelsey v. Harrison*, 29 Kan. 143; *Tootle v. Caldwell*, 30 Kan. 125, 1 Pac. 329.)

It was shown that at one time some mortgaged property of the defendant was sold at mortgagee's sale, and the defendant procured a third person to bid the property in for his 20-year-old son, who lived on the farm with him, and it is claimed that this was evidence to defraud. If unexplained, this circumstance would tend strongly to support the allegation of fraudulent intent. But the defendant and the third person who bid in the property both testified that the young man paid for the property with money given him by an aunt, and this was uncontradicted.

There was competent evidence on each material question involved in the controversy. The trial court heard the evidence, saw the witnesses, and had to pass upon the weight of the evidence and credit of the witnesses The evidence fairly and reasonably tends to support his findings and this court will not disturb the finding of the trial court under such circumstances.

There are other questions presented by plaintiff in error. It is contended that the court erred in holding that the intervenor was the owner of a portion of the attached property. But, if plaintiff was not entitled to the attachment, it could make no difference to him who got the property, and, if error was committed, he cannot complain of it.

It is further claimed that the trial court erred in holding that the defendant was the head of a family, and that a portion of the attached property was exempt. The plaintiff is in no position to urge this objection. The court found that he had failed to prove his grounds for attachment, and discharged the attachment. He was entitled to no lien on the property, in any event. This question might be important on the levy of an execution to satisfy his judgment, but it is immaterial on the question of the attachment. The judgment discharging the attached property is affirmed, at costs of plaintiff in error.

All of the Justices concurring.