## ZARROW et al. v. WHISLER.

No. 13371—Opinion Filed May 7, 1924.

**Sales—Breach of Contract by Seller—Action by Buyer—Evidence—Sufficiency of Evidence and Instructions.**

Held: (1) There was sufficient evidence to go to the jury, and the court did not err in overruling defendants' demurrer to the plaintiff's evidence. (2) Evidence offered by defendants to prove a statement made by one of them in the absence of plaintiff properly excluded upon the ground that such statement was a self-serving declaration. (3) The issues were fairly submitted to the jury and the court did not err in giving the instruction complained of.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Samuel Whisler against Sam Zarrow and Rose Zarrow. Judgment for plaintiff and defendants appeal. Affirmed.

Nelson & Blair, for plaintiffs in error.

D. G. Elliott, for defendant in error.

Opinion by RAY, C. Plaintiffs in error contend that the court erred—(1) In overruling defendant's demurrer to plaintiff's evidence, (2) In excluding certain evidence offered by the defendants, and (3) In its instruction to the jury.

1. Plaintiff adduced evidence to show that on April 20, 1920, the parties entered into a written contract by the terms of which the Zarrows sold to Whisler a stock of goods at the invoice price, to be invoiced about October 1st, and that at the time of signing the contract Whisler paid $300 on the contract price, balance to be paid at the time of the invoice. By the same contract the Zarrows leased to Whisler the store building, residence, and garage for a period of two years beginning October 1, 1920, and ending September 30, 1922, for a monthly rental of $100 to be paid monthly in advance; that on the first day of October, 1920, about eight o'clock in the morning, Whisler went to the store where Zarrow and his wife were still in control of the premises for the purpose of taking the invoice and paying whatever amount the invoice showed to be due; that the Zarrows refused to invoice the stock at the time upon the ground that they could not invoice during business hours; that Whisler waited in the store two or three hours during which time only two customers called in the store; that the next morning Whisler went back and demanded that the invoice be taken that day, Saturday, so that he could begin business on Monday morning, two days after his lease began but the Zarrows agains refused to invoice for the same reason as the day before and Whisler finally told them that if they did not invoice the stock he would sue them for the amount he had paid on the contract, and Mrs. Zarrow said to him, "you can't invoice today, you can get along out and stay out." Plaintiff's evidence also showed the Zarrows, or either of them, never at any time offered to invoice or permit the plaintiff to invoice the stock of goods.

We think there was sufficient evidence on the part of the plaintiff to go to the jury and the court did not err in overruling the demurrer to the evidence.

2. About 15 days after the defendant refused to invoice the goods to Whisler they sold the stock of goods to another party and offered to prove that in the sale Sam

Zarrow, one of the defendants, told the purchaser that the sale should not be considered final for if Whisler offered to take the stock under the contract they wanted him to have it. The court properly excluded this testimony upon the ground that it was a self-serving declaration.

3. The instruction complained of was a general instruction to the effect that the plaintiff must show by a fair preponderance of the testimony that the defendants breached the contract sued upon before he would be entitled to recover, and that if their verdict was for the plaintiff it should be in such sum as the jury found to be due the plaintiff from the defendants, not to exceed $300, the amount sued for, and interest from October 1, 1920. The court did not err in giving the instruction complained of.

The judgment should be affirmed.

By the Court: It is so ordered.