## LEONARD & BRANIFF v. PRICE-FEW LUMBER CO.

No. 15984—Opinion Filed Oct. 27, 1925.

Rehearing Denied July 6, 1926.

**1. Appeal and Error — Review—Sufficiency of Evidence in Law Action.**

A judgment of the court reached in the trial of a law action by the court will not be reversed on appeal if there is any competent evidence which reasonably tends to support the judgment.

**2. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendant in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Calvert Mortgage Company against C. L. McDowell to foreclose a mortgage. Other lien claimants and parties joined as defendants, including Leonard & Braniff and the Price-Few Lumber Company. Judgment on cross-action in favor of the lumber company and against Leonard & Braniff. The latter brings error. Affirmed.

C. A. Steele, W. A. Daugherty, and Ed Brewer, for plaintiff in error.

Wm. S. Rogers and P. D. Busby, for defendant in error.

Opinion by STEPHENSON, C. The Price-Few Lumber Company filed its cross-action against the plaintiff and other defendants, setting up a mechanic's lien against the same property, for material furnished for the construction of a residence upon the property. The cross-action of the lumber company on its mechanic's lien was for the sum of about $700, and was a junior lien to the real estate mortgage involved in the foreclosure proceedings. The Price-Few Lumber Company, for additional relief in the action, set forth in its cross-action against Leonard & Braniff, that the material was sold and delivered to C. L. McDowell, the owner, upon the promise of the latter and Leonard & Braniff to pay for the material. The lumber company sought judgment against McDowell for the foreclosure of the mechanic's lien, and prayed for judgment against Leonard & Braniff upon the promise of the latter to pay. The trial of the cause resulted in judgment foreclosing Calvert Mortgage Company's mortgage, as a first and prior lien against all the defendants; that the Price-Few Lumber Company have judgment against the owner of the premises for the foreclosure of its mechanic's lien; that Price-Few Lumber Company have a personal judgment against Leonard & Braniff upon the alleged promise to pay for the material sold and delivered to McDowell.

Leonard & Braniff have appealed from the judgment in favor of the Price-Few Lumber Company rendered against it upon the promise to pay.

The action of the Price-Few Lumber Company to foreclose its mechanic's lien against McDowell was an equitable proceeding created by statute. The action of Price-Few Lumber Company against Leonard & Braniff upon the alleged promise of the latter to pay for the material was a common-law action for debt. We do not pass upon the question of the right of the lumber company to maintain its common-law action for debt against Leonard & Braniff, in the same cross-action, nor upon the right of the lumber company to pursue both its equitable action and common-law action at the same time. These questions are not presented in this appeal for our consideration. However, it will be necessary for us to consider the appeal of the plaintiff in error according to the rules of law applying in the trial of common-law actions, as the suit is for debt upon an alleged oral promise to pay.

The errors assigned by Leonard & Braniff for reversal are: (1) That the judgment of the court is contrary to the evidence. (2) That the judgment of the court is contrary to the law. (3) That its agent was not clothed with power to bind the plaintiff in error upon the alleged promise to pay for the material.

The facts are: That McDowell was the owner of a house and lot in the city of Tulsa. The owner desired to make certain repairs and improvements thereon, and had caused a mortgage to be executed and delivered to Leonard & Braniff to pay for the improvements. Cash had been paid for the material sold and delivered to McDowell for the improvements, until the time McDowell desired to purchase the building material involved in the defendant in error's mechanic's lien. The lumber company found that a mortgage existed on the property in favor of Leonard & Braniff, and refused to sell the owner the building material upon his promise to pay. The manager of the lumber company testified that he and the owner went to the office of Leonard & Braniff, in charge of a man by the name of Sears, located in Tulsa; that the manager of the lumber company explained to Sears that he could not sell the building material to McDowell upon the promise of the latter to pay, as Leonard & Braniff then held a mortgage against the property. The manager of the lumber company testified that Sears instructed him to proceed with the sale of the building material to McDowell, and that the plaintiff in error either would loan sufficient funds to the owner to pay for the material, or pay for it; that the owner should give his written order to the lumber company, on Leonard & Braniff for such material as should be sold to the owner. The witness testified further that pursuant to the agreement, the lumber company sold and delivered materials to the owner, and the latter gave his written order for $400 on Leonard & Braniff to the material company, which was accepted and paid by Leonard & Braniff; that other materials were sold and delivered to the owner, and after the completion of the building, a balance of $700 remained unpaid to the lumber company. McDowell testified in substance to the same matters as the manager of the lumber company. The lumber company established the oral contract pleaded as the basis of its action against the plaintiff in error, if we accept the evidence of the manager of the lumber company and McDowell as true. Sears, the manager or Leonard & Braniff testified that he did not agree to pay for the material and did not intend to pay for the same; that he advised the manager of the lumber company that the owner had executed to Leonard & Braniff a construc-

tion mortgage for $3,100, and that the proceeds of the mortgage would be paid out in making the improvements. The testimony of Sears contradicts the contract pleaded by the lumber company. The error assigned by the plaintiff in error in this respect would require this court to weigh the evidence in order to determine the sufficiency thereof. The rule is that a judgment, reached by the court in the trial of a law action by the court, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The plaintiff in error makes the further point that Sears exceeded the scope of his authority in undertaking to bind Leonard & Braniff to pay for the building material, if the evidence of the lumber company be accepted as true. The plaintiff in error then held a mortgage against the property for the purpose of enabling the owner to make improvements upon the premises. Such improvements necessarily would enhance the value of the property and the security to pay the indebtedness owed by McDowell to the mortgage company. It was a matter of concern for Leonard & Braniff that the improvements necessarily would enhance the undisputed evidence is, that the plaintiff in error accepted a written order for the sum of $400 given by the owner to the lumber company for material used in making the improvements. We think the evidence in this respect was sufficient to create an issue of fact on the question of agency. This issue was resolved against the plaintiff in error in the course of the trial of the cause. The cases of Kesler & Dodson v. Cheadle, 12 Okla. 489, 72 Pac. 367, Mackey v. Smith et al., 21 Ore. 598, 28 Pac. 974, Larson v. Jensen, 53 Mich 427, 19 N. W. 130, and Lovell v. Haye (Wash.) 147 Pac. 632, dispose of the question of the sufficiency of the evidence in the matter of agency, adversely to the contention made by the plaintiff in error in this appeal.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879, § 2853: 2 R. C. L. 194; 1 R. C. L. Supp. p. 433: 4 R. C. L. Supp. p. 90: 5 R. C. L. Supp. p. 79. (2) 2 C. J. p. 954, § 727; 4 C. J. p. 879, § 2853.