## CAMPBELL et al. v. VANCE.

No. 16925—Opinion Filed July 20, 1926.

1. **Evidence — Exclusion of Self-Serving Declarations.**

Evidence offered by defendants to prove a statement made by one of them in the absence of plaintiff held properly excluded upon the ground that such statement was a self-serving declaration.

2. **Alteration of Instruments — Bills and Notes.**

As a general rule, a material alteration in any negotiable instrument by the promisee or holder, without the consent of the promisors, extinguishes all liability on the instrument as against the nonconsenting promisors; but under the express provisions of the Negotiable Instruments Law a

material alteration of a negotiable instrument does not destroy its validity as against a party who has himself made, or authorized, or assented to, the alteration, or as against a holder in due course.

### 3. Same — Time of Alteration—Presumption and Burden of Proof.

Where the execution of a note is denied under oath, and on the trial the genuineness of the signatures to the note is admitted, but it is claimed that a material alteration has been made in the note subsequent to its execution, the presumption will be entertained that all alterations or interlineations were made prior to and with the consent of the makers, and the burden will be on the one alleging such alterations to show that they were made subsequent to the execution of the instrument and without the consent of the makers.

### 4. Appeal and Error—Questions of Fact—Law Action Tried to Court.

In a law action, where the parties are entitled to a trial by jury, and the jury is specifically waived and the cause tried to the court, the evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately, or by permissible inference, the essential facts, and the Supreme Court will not substitute its judgment for that of the trial court.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Mrs. C. W. D. Vance against V. V. Campbell and W. A. McKee, trustees for the V. V. Campbell Company, an express trust, to recover on a promissory note. Judgment for plaintiff, and defendants bring error. Affirmed.

Harlan T. Deupree, for plaintiffs in error.

J. C. Helms, for defendant in error.

Opinion by PINKHAM, C. This is an action upon a promissory note in the principal sum of $500 for money loaned by the defendant in error, Mrs. C. W. D. Vance, plaintiff in the trial court, to the V. V. Campbell Company, an express trust. The parties will be referred to as plaintiff and defendants as they appeared in the trial court.

Defendants' answer consisted of a general denial, and further alleges that said defendant company executed and delivered to one C. W. D. Vance a note of the same terms and amount as set out in the plaintiff's petition, which said note by its terms was payable to said C. W. D. Vance; that

after the execution and delivery of said note by said Campbell Company to the said C. W. D. Vance said note was altered without the knowledge or consent of said Campbell Company; that alteration was made by adding the word "Mrs." before the name of the payee, C. W. D. Vance, and which amounted to a material alteration of said note and rendered said note void as against these defendants.

The defendants further say that said alteration was made by the said C. W. D. Vance for the benefit of the plaintiff, and with her knowledge and consent, and that in making said alteration he acted as her agent. Defendants further allege that said note was paid by the issuance of stock in the said Campbell Company, and that said C. W. D. Vance agreed to surrender said note to said company for cancellation. Defendants further allege that the plaintiff is not a holder of said note for value, and that as to said plaintiff there was no consideration for the execution of said note.

The answer was verified by the affidavit of V. V. Campbell, one of the trustees named as defendants. The plaintiff filed a verified reply denying the new matter set up in the answer. By agreement of counsel for the respective parties the case was tried to the court, and judgment was rendered for the plaintiff for the amount sued for in said note. Defendants' motion for a new trial was overruled, exception reserved, and defendants have duly appealed to this court by petition in error and case-made attached.

For reversal of the judgment all of defendants' assignments of error are presented under three propositions, the first of which is: "The court erred in the admission of certain evidence offered by plaintiff which was prejudicial to the defendants."

The evidence shows without conflict that Mrs. C. W. D. Vance loaned $500 to the V. V. Campbell Company, whose managing officers were V. V. Campbell and C. W. D. Vance. The particular error complained of under this first proposition is that the court permitted the plaintiff to show that the money loaned the defendant company was procured through a mortgage placed upon the homestead where the plaintiff and her husband resided at the time. We are unable to agree with the contention that the court committed reversible error in admitting, over the objection of defendants, this evidence. The testimony complained of disclosed the necessity of both husband and wife signing the mortgage placed upon the homestead, and as the testimony shows

that the mortgagee, the Local Building & Loan Association, acted as the agent of the plaintiff in turning over the money to the defendant company, it was competent because it evidenced a material matter in the making of the loan to the defendant company. This evidence was also proper, especially in view of defendants' answer, which alleged that the plaintiff had given no consideration for the note in question.

"Rules of evidence are established for the purpose of enabling the court and jury to ascertain the true facts concerning the matters in controversy, and not for the purpose of hindering and delaying justice, by the enforcement of technical abstract phrases defining the rules for the admissibility of evidence." Rogers v. O. K. Bus & Baggage Co., 46 Okla. 289, 148 Pac. 837.

The second proposition presented is that the court erred in refusing to admit and consider evidence offered in behalf of the defendants.

It appears that the court sustained plaintiff's motion to strike a portion of the defendant Campbell's testimony, in which he related a purported conversation between himself and the defendant C. W. D. Vance, who was secretary, trustee and co-manager with the defendant, V. V. Campbell, of the V. V. Campbell Company, for the reason that this conversation did not occur in the presence of the plaintiff.

We think that evidence of conversations between Mr. Campbell and Mr. Vance with respect to the note in question were properly excluded. The testimony of the defendant Campbell was in the nature of a self-serving declaration.

"Evidence offered by defendants to prove a statement made by one of them in the absence of plaintiff was properly excluded upon the ground that such statement was a self-serving declaration." Zarrow v. Whisler, 99 Okla. 111. 225 Pac. 917.

It is urged that the conversation should have been admitted on the theory that Mr. Vance was the agent of Mrs. Vance. An examination of the record before us fails to show any agency existing between the plaintiff and Mr. Vance.

The third proposition presented is that the court erred in rendering judgment for the plaintiff on the note sued on. The argument under this proposition is that there was a material alteration in the note in question, and decisions of this court are cited to the effect that an alteration in a note, whereby the name of a payee is changed without the consent of the makers, is a material alteration and renders such note void as to the makers. International Bank of Coalgate v. Mullen & Mullen et al., 30 Okla. 547, 120 Pac. 257.

The cases cited are not questioned; but we conclude that the rule of law announced therein is not applicable to the facts of the instant case.

In 2 C. J. 1178, sec. 8, it is said:

"As a general rule. a material alteration in any negotiable instrument by the promisee or holder, without the consent of the promisors, extinguishes all liability on the instrument as against the nonconsenting promisors; but under the express provisions of the Negotiable Instruments Law a material alteration of a negotiable instrument does not destroy its validity as against a party who has himself made, or authorized. or assented to, the alteration, or as against a holder in due course." See section 7794. Comp. Stat. 1921.

It appears that at the time the note was executed and delivered to the plaintiff as evidence of the loan, the company was preparing to embark in the business of making flavoring extracts. The undisputed evidence shows that the company got its first financial assistance and start by the loan of the $500 made by the plaintiff to the defendant company. The evidence further shows that in order for the plaintiff to procure the $500 it was necessary to place a mortgage on the plaintiff's home, and that the defendants were aware of that fact. The note as originally made out, it appears, was payable to C. W. D. Vance, and Mrs. Vance declined to mortgage her home, so as to enable her to loan the V. V. Campbell Company the money in question. until the note was made payable to her.

The record is silent as to any alteration made by the payee of the note, or any alteration made with the knowledge or consent of the payee after its delivery. The record shows without contradiction that the plaintiff, the payee of the note, received the same in the exact form as set forth in her petition. and that the note as sued upon was delivered by one of the trustees, Mr. Vance. in the presence of the other trustee. Mr. Campbell. There appears to be no dispute in the evidence that the word "Mrs." was on the note when delivered to the plaintiff.

The evidence also shows that the word "Mrs." was in the same handwriting as the balance of the note. and that it was written by Mr. Vance, a trustee of the company, and secretary and comanager of the company with Mr. Campbell.

There is no question as to the execution of the note by the defendant company. The note was introduced in evidence and shows that it was for the sum of $500 payable to Mrs. C. W. D. Vance on or before the 1st day of March, 1921, and signed by "The V. V. Campbell Company, by V. V. Campbell, Pres."

In the case of Richardson et al. v. Fellner et al., 9 Okla. 513, 60 Pac. 270, it is said in the fourth paragraph of the syllabus:

"Where the execution of a note is denied under oath and on the trial the genuineness of the signatures to the note is admitted but it is claimed that a material alteration has been made in the note subsequent to its execution, the presumption will be entertained that all alterations or interlineations were made prior to and with the consent of the makers and the burden will be on the one alleging such alterations to show that they were made subsequent to the execution of the instrument and without the consent of the makers."

The defendants failed to show an alteration of the note, although the burden of proof was upon them.

"In a law action, where the parties are entitled to a trial by jury, and the jury is specifically waived, and the cause tried to the court, the evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately or by permissible inference, the essential facts, and the Supreme Court will not substitute its judgment for that of the trial court." Baker v. Jack et al., 112 Okla. 142, 241 Pac. 478.

The proposition that the note in question was paid by the issuance of stock in said Campbell Company cannot be sustained. The evidence shows that this stock was not issued and paid in cancellation of said note, but was held by the company and was produced by the company at the time of the trial as the stock of the company.

We think the judgment of the trial court should be affirmed.

Defendant in error in this case has asked for a judgment against the sureties on the supersedeas bond filed herein in the event the judgment of the trial court should be affirmed, it appearing that judgment herein was superseded by a bond on which V. V. Campbell and W. A. McKee were sureties. Judgment is therefore rendered against the said sureties on the supersedeas bond.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 221 §193. (2) 2 C. J. p. 1178 §8; p. 1231 §102. (3) 2 C. J. p. 1275 §192. (4) 4 C. J. p. §2853.