Note.—See under (1) 29 Cyc. pp. 507, 2509; anno. L. R. A. 1918D, 1195; 20 R. C. L. p. 144 et seq: 3 R. C. L. Supp. p. 1039: 4 R. C. L. Supp. p. 1340. (2) 28 Cyc. p. 37; 20 R. C. L. pp. 129-131; 3 R. C. L. Supp. p. 1036; 4 R. C. L. Supp. 1337. (3) 38 Cyc. p. 469 (Anno).

---

**BOARD OF ED. OF CONS. SCHOOL DIST. NO. 40 v. BOARD OF ED., CONS. DIST. NO. 30.**

No. 16962—Opinion Filed Oct. 19, 1926.

1. **Schools and School Districts—Transfer of Pupils to Other District—Notice of Hearing.**

The notice of hearing of requests for transfers from one school district to another school district as required by section 10602, C. O. S. 1921, to be served on the school board of the district from which such transfer is requested, may be served by delivering such notice in person to the proper person designated to receive the same, or by depositing such notice in the U. S. mail, such mailed notice containing the name and address of the person or board designated by law to receive the same, and having affixed thereto the proper amount of postage.

2. **Appeal and Error — Sufficiency of Evidence in Law Action Tried to Court.**

In a law action, where the parties are entitled to a trial by jury, and the jury is specifically waived and the cause tried to the court, the evidence is sufficient to sustain the judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately, or by permissible inference, the essential facts, and the Supreme Court will not substitute its judgment for that of the trial court.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by the Board of Education of Consolidated School District No. 30 against the Board of Education of Consolidated School District No. 40, to recover the sum of $442.42 for tuition of pupils transferred from District No. 40 to District No. 30. Judgment for plaintiff, and defendant appeals. Affirmed.

E. J. Raymond, for plaintiff in error.

R. M. Godfrey, for defendant in error.

Opinion by RUTH, C. Plaintiff and defendant will be designated herein as they appeared in the trial court.

District No. 30, as plaintiff, alleges in its petition that district No. 29 is now a part of district No. 30, and pursuant to the request of parents and guardians, and after due notice to defendant (district No. 40), and after full compliance with the statute in reference to the procedure for transferring pupils from one district to another, some 14 pupils were transferred from defendant's district to plaintiff's district, and attended school in plaintiff's district for the school year 1921-1922, and attaches an itemized statement, and prays judgment in the sum of $442.42.

Defendant answering denies the plaintiff complied with the law with reference to the transfer of pupils; denies it is indebted: alleges that if the pupils were transferred, such transfer was made without the knowledge and consent of defendant; denies any notice of the proposed transfer was ever served on the secretary, or any member of the defendant board, and alleges defendant was maintaining a high school and grade schools in the city of Nowata sufficient to provide, without additional expense, for all pupils in its district, and having no notice of the proposed transfer, defendant had no opportunity to include in its annual estimate the transfer fees sued for, and therefore did not make the necessary provisions in the estimate for funds with which to pay said transfer fees.

Upon the issues thus joined, a jury was

specifically waived, and the cause tried to the court, and judgment rendered for plaintiff, from which judgment defendant appeals, and presents four specifications of error as follows:

"(1)  Court erred in overruling defendant's motion for a new trial.

"(2)  Court erred in overruling defendant's demurrer to the evidence of plaintiff.

"(3)  The decision of the court is contrary to law.

"(4)  Court erred in admitting incompetent evidence over objections and exceptions of defendant."

Section 10601, C. O. S. 1921, authorizes the county superintendent, upon the request of parents or guardians, to transfer pupils from one district to another, and section 10602 provides that requests for such transfers must be made not later than the 1st day of June, and that the county superintendent shall, not later than the 5th day of June, notify in writing the school boards of every district from or to which an application for transfer has been made, that he will on the 10th day of June hold a hearing regarding said applications for transfers.

Section 10605 imposes upon the county superintendent the duty of furnishing the school board of every district, from which a transfer has been made, with a statement not later than the 15th day of June, showing the amount necessary to be raised for "transfer fund," etc., and section 10606 imposes upon the school board from which transfers have been made, in compliance with this act, to include in their annual estimate the amount for transfer as shown by such statement.

We cannot agree with the defendant's contention that the written notice provided for in section 10602 shall be served upon the school board with the same formality as a service of summons, etc., in a legal proceeding, but are of opinion, and so hold, after an examination of chapter 86, art. 20, C. O. S. 1921, relating to transfer of pupils to other districts, that service of the notice in writing may be made by delivering a copy of the notice in person, or by enclosing the same in an envelope and affixing thereto adequate postage, and addressed to the proper person or board, at his proper address, and depositing the same in the U. S. mail, is a compliance with the statute.

The plaintiff introduced in evidence, the records of the county superintendent, showing the receipt and filing of the applications for transfer from defendant's district to plaintiff's district, also the record of three

several notices of "application for transfer," directed to the school board of district No. 40, in which it was stated that a hearing would be had on June 10, 1921, at 1 o'clock p. m., at the office of the county superintendent at Nowata; also the records of the transfers and "statement of amount necessary to be raised for transfer fund," directed to the school board of district No. 40. This notice bears date as of June 11, 1921, the date succeeding the date of the hearing.

The record also contains a copy of the "attendance report of transferred pupils" from district No. 40, dated June 2, 1922, signed by the superintendent of plaintiff district, and directed to the county superintendent and the school board of district No. 40.

It is admitted by defendant that this last notice was duly received by it, but it is insisted this was the first notice received relating to such transfer, so far as its officers can remember, and it is testified the officers have examined the files and failed to find any notice of a hearing.

The records of the county superintendent appear to have been accurately kept and carefully preserved, and while the county superintendent cannot state positively that a copy of these notices were sent to the defendant school board, the assistant to the county superintendent testifies that it was her duty to prepare and mail these notices, and while she cannot positively state she mailed these particular notices, on account of the volume of transfers each year, she is positive that, following her usual custom, all notices of hearing were properly mailed.

Defendant's evidence was negative in its character, its officers not remembering having received the notices and not being able to find them in its files.

While the plaintiff must prove its case by a fair preponderance of the evidence, we are of opinion, after an examination of the record, that there was competent evidence reasonably tending to sustain the judgment.

"In a law action, where the parties are entitled to a trial by jury, and the jury is specifically waived and the cause tried to the court, the evidence is sufficient to sustain the judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately, or by permissible inference, the essential facts, and the Supreme Court will not substitute its judgment for that of the trial court." Campbell v. Vance, 118 Okla. 283, 248 Pac. 634; Leonard & Braniff v. Price-Few Lbr. Co., 118 Okla. 174, 247 Pac. 671; Oklahoma Producing & Refining Corp. v. Pennok Oil Co., 118 Okla. 170, 247 Pac. 667.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 1115. (2) 4 C. J. p. 879; §2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 441; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.