## PEARCE et al. v. MOORE.

No. 25800.   Dec. 8, 1936.

Rehearing Denied Jan. 9, 1937.

Application for Leave to File Second Petition for Rehearing Denied
March 2, 1937.

H. A. Johnson, for plaintiffs in error.

Spiers & Bodovitz, for defendant in error

PER CURIAM. This is an appeal from the court of common pleas of Oklahoma county. The action is one in replevin and was commenced in a justice of the peace court of Oklahoma City by H. S. Moore, as plaintiff, against A. M. Pearce and H. A. Johnson and Hanson & Pearce, Inc., as defendants, to obtain possession of a ten-ton Holt tractor of the alleged value of $200. At the same time the same plaintiff filed another replevin action in the same court against the same defendants to obtain the possession of a grader of the alleged value of $200. Defendants sought to have the action dismissed as being beyond the jurisdiction of the justice court, since the plaintiff had split a single cause of action in order to bring suit in the justice court. This motion of defendants was overruled and denied. The ownership of the personal property was admitted to be in the plaintiff, but the defendant H. A. Johnson claimed that said property had been stored in a building which he had purchased, and that he had a lien on said property for storage and was entitled to the possession of said property un-til his lien had been satisfied and discharged. Trial of the issues thus presented was had in the justice court and resulted in judgments in each case for the plaintiff. Defendants appealed both causes to the district court, and thereafter they were transferred to the common pleas court and docketed therein under Nos. 1117 and 1118. Cause No. 1117 involving the tractor was tried to the court without the intervention of a jury. Defendants again urged a lack of jurisdiction in the justice court originally and in the common pleas court on appeal. Evidence of the defendants was directed to proving that plaintiff's action had been split for the purpose of coming within the jurisdiction of the justice court and further sought to prove that the defendant H. A. Johnson was the owner of the lot and building in which the property in controversy had been stored and was entitled to a warehouseman's lien thereon for the storage. The record discloses that the trial court was extremely liberal in his rulings on the introduction of evidence and permitted the parties to offer proof of their respective contentions more fully and completely than he would have otherwise done had the case been tried to a jury. At one stage of the proceedings the court stated that he was going to consolidate the two actions. However, no order of consolidation is shown in the record, and apparently it was never made, as at the close of the case we find that the parties agreed to stipulate that the action docketed under No. 1118 should be stricken from the docket and permitted to abide the final judgment in cause No. 1117.

After the court had fully heard the parties and considered the evidence both oral and written which had been introduced, he made certain written findings of fact to the effect that the plaintiff was the owner and entitled to the immediate possession of the personal property in controversy, to wit, the ten-ton Holt tractor, and that the claim of the defendant H. A. Johnson for rent or storage thereon was not well taken. Thereupon the court rendered a judgment in favor of the plaintiff for the return of the specific personal property involved in this action or its value in the sum of $200, if the return thereof could not be had. Defendants appeal from the judgment so rendered and the order overruling their motion for a new trial. We will continue to refer to the parties in the same order as they appeared in the trial court.

Defendants assign eight specifications of error in this court, but under the view which

we take of the record we are of the opinion that they present but two questions which are necessary for determination: First, whether the justice court had jurisdiction of this cause in the first instance; and, second, whether the judgment of the trial court is supported by competent evidence.

The defendant contends that there was a splitting of causes of action, but that question is not properly raised by the record in this case and is unnecessary to a determination hereof.

Under the statute, section 932, O. S. 1931, justice courts are given jurisdiction in replevin actions where the value of the property does not exceed $200. The plaintiff by his affidavit in replevin alleged that the value of the tractor was $200, and therefore within the jurisdiction of the justice court. The contention of the defendants that the court of common pleas consolidated the several causes and thus rendered the judgment in excess of the jurisdiction of a justice court is not supported by the record.

This brings us, then, to the second question involved in this appeal; that is, whether the evidence was sufficient to sustain the findings and judgment of the trial court. The defendants sought to establish a warehouseman's lien for storage and the consequent right to the possession of the property until this lien had been satisfied and discharged. In support of this claim the defendants offered a large amount of parol testimony and written evidence, whereunder they sought to prove not only an implied contract to pay storage but a direct promise and obligation to that effect. The defendants did not by their evidence attempt to bring them or either of them within the definition of a warehouseman as given by section 12999, O. S. 1931, and consequently the statutory provisions relative to a warehouseman's lien have no application. The evidence of the plaintiff was sufficient to justify a finding that there had been no agreement, either expressed or implied, for payment of storage on the property, but that, on the contrary, a situation was presented where it could be reasonably concluded that no storage charges were to be anticipated or were in the contemplation of the parties at any time prior to the attempt of the plaintiff to take possession of the property. Under the Code great liberality is allowed to defenses in replevin which would defeat plaintiff's claim or right to possession. Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194, 57 A. L. R. 17. But while this is true, it still remains that the gist of the action is the right to immediate possession of the property in controversy, and the action is legal as distinguished from equitable, and the findings and judgment of a court in such case are to be accorded the same weight and consideration as in any other action. The rule to be applied is announced in Smith v. Spencer, 8 Okla. 459, 58 P. 638, as follows:

"The finding of the trial court upon controverted questions of fact will, on appeal, be given the same effect as the verdict of a jury."

The trial court heard the evidence, saw the witnesses and observed their demeanor, method of testifying, and was thus in better position to determine the facts and weigh the evidence and give the proper evaluation thereto than this court can possibly do from reading the written record of what transpired, and since there is considerable evidence in the record which supports the findings and conclusions of the trial court, its judgment should not be disturbed upon appeal in the absence of a showing of reversible error as a matter of law. The trial court made general findings in favor of the plaintiff, and the rule in such cases is that the general finding is a finding of every special thing necessary to sustain the general finding and is conclusive upon this court upon all doubtful and disputed questions of fact. Barnett v. Barnett, 78 Okla. 249, 189 P. 743.

We have carefully read the entire record, and we fail to find any reversible error therein. Therefore, the judgment of the trial court will be and is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY and WELCH, JJ., absent.