M. & D. FINANCE CO. v. METHVIN et al.

*97 P. 2d 572.*

No. 29117. Nov. 14, 1939.

Rehearing Denied Dec. 19, 1939.

Sam L. Wilhite, of Anadarko, for plaintiff in error.

W. R. Wheeler, of Anadarko, and Roscoe Bell, of Oklahoma City, for defendants in error.

DAVISON, J. The present action was instituted on May 11, 1937, by the plaintiff in error, as plaintiff, to recover from the defendants in error, as defendants, the immediate possession of, or value of a Chevrolet automobile. The plaintiff's cause of action was alleged to have arisen as a result of the defendants' default in the payment of a promissory note executed by the defendants and held by the plaintiff, together with a chattel mortgage on said automobile to secure the payment of the note. In commencing the action, the plaintiff not only filed a petition, but also filed a replevin bond and affidavit and took immediate possession of the car from the defendants.

The defendants thereafter filed an answer and cross-petition in which they denied the indebtedness; alleged that the plaintiff had collected from them a usurious rate of interest thereon and that it had wrongfully secured the possession of the car, and, in addition to other damages prayed for, sought compensation of the plaintiff at the rate of $5 per day for the period during which they had been deprived of the use of said car through its wrongful detention by the plaintiff.

The cause was tried before the court without a jury. At the close of the evidence, the court made numerous findings of fact and entered judgment in favor of the defendants for the return of the automobile and the recovery of certain damages, one item of which was the sum of $798 as the usable value of the car during the 399-day period that said defendants had been deprived of its use since the commencement of the action.

In appealing from said judgment the plaintiff has enumerated seven assignments of error, but of these it urges only two as cause for reversal. In both of these, error is asserted in the trial court's assessment of damages.

It is first contended that the court erred in decreeing the recovery by both defendants of the sum allowed as damages for the loss of the car's use as above described. In support of this proposition our attention is called to some indication in the record that at the time of the purchase of the car, title thereto was taken in the name of Mrs. Methvin only. Upon this premise it is argued that this defendant's husband, the defendant Frank Methvin, was not entitled to participate in the $798 allowed as damages for the usable value of the car during the period of its detention by the plaintiff. While it is true that the record shows that when the car in question was purchased, title thereto was taken in the name of Mrs. Methvin, there is ample evidence tending to prove that both defendants contributed to its purchase and that thereafter the car was used by both defendants, jointly. A part of the purchase money was a credit allowed upon an old car which the defendants had owned, and another part was a cash payment made by the defendant Frank Methvin. Both defendants signed the note, assuming joint liability thereon, and were sued as joint obligors. In view of the evidence mentioned, the failure of the plaintiff to dispute the defendant Frank Methvin's ownership in the car at the trial and the findings of the trial court to the effect that the car was purchased and paid for by both defendants, we are unable to sustain the plaintiff's first contention as a cause for reversal. It is axiomatic that where a jury is waived in a law action, the judgment of the trial court is entitled to the same weight and consideration on appeal as a judgment based upon the verdict of a jury, and will not be disturbed on ac-

count of the insufficiency of the evidence to support it, if there is any competent evidence reasonably tending to support it, immediately and directly or by permissible inference. See Campbell v. Vance, 118 Okla. 283; 248 P. 634; Myers v. Denison, 104 Okla. 208, 230 P. 742; Pearce v. Moore, 179 Okla. 277, 65 P. 2d 189.

As we cannot say that the judgment of the trial court treating the car as the property of both defendants is erroneous, it follows that there is no cause for reversal in the further and more or less incidental argument of plaintiff's counsel to the effect that because title to the car was not in the name of the defendant Frank Methvin, the court erred in allowing him to testify as to his damages by reason of its wrongful detention.

The remainder of the argument on the plaintiff's behalf is directed at the asserted insufficiency of the evidence to establish the usable value of the car during the period that the defendants were deprived of its use. Counsel asserts that there is a total absence of proof to establish the "ordinary market price of such use at the time and place of taking," which is the measure of such damages enunciated by this court in the cases of Thomas v. First National Bank of Tecumseh, 32 Okla. 115, 121 P. 272, Ann. Cas. 1914A, 376, and Francis, Sheriff, et al. v. Guaranty State Bank of Texola, 44 Okla. 446, 145 P. 324. Upon the authority of Mitchelson v. Commercial Investment Trust, 97 Okla. 98, 222 P. 663, counsel for the defendants concede that substantially the same measure of damages has been applied to the wrongful detention of automobiles, but they contend that the evidence was sufficient on this point. An examination of the record reveals that the defendant Frank Methvin testified to the effect that the use of an automobile was necessary in his business, and that before the car in question was taken from him it had thus been used. He also testified in some detail as to the nature of his business and his income therefrom. Both of the defendants testified that when they had rented a car they had been compelled to pay $10 per day rental for same, and they estimated the "reasonable usable value" of their car at $5 per day. In view of this showing, we cannot concur in the plaintiff's statement that there is a total absence of evidence to support the trial court's allowance for the period that the defendants were deprived of the use of their car. Counsel for the plaintiff cite no authorities to the effect that such evidence is incompetent upon the point considered, and we see no reason why it would be entirely incompetent in determining the item of damages in question. Therefore, although the evidence as to the usable value of the car is perhaps not the best or most complete that might be desired, yet, as it cannot be said that there is no competent evidence tending either directly or by permissible inference to support the sum allowed by the trial court for the usable value of the car during the period of its detention, we are not warranted in disturbing the judgment of the trial court upon the matter. The plaintiff's contention that the defendant Mrs. Methvin should not have been allowed to participate in the recovery for this item seems to be based entirely upon the fact that the only specific use to which she put the car was in driving it to stores for the purpose of shopping. It seems to be the view of counsel that such a use is not compensable in damages. No authorities are cited for this proposition, and in view of the fact that damages are allowable for the usable value of a car even though it has only been used as a pleasure car (Perkins v. Brown, 132 Tenn. 294, 177 S. W. 1158; Rapp v. Mabbett Motor Co., 201 App. Div. 283, 194 N. Y. S. 200; Consolidated National Bank of Tucson v. Cunningham, 28 Ariz. 518, 238 P. 332), this contention furnishes no valid cause for complaint.

Having found neither of the assignments of error presented cause for reversal of the trial court's judgment, the same is hereby affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and GIBSON, JJ., concur.